## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAWN BEUTEL-ZACHERY, on behalf of plaintiff and the class members described herein, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | 1:22-cv-02261-JRS-MKK |
| JAVITCH BLOCK LLC; PALISADES COLLECTION, L.L.C.; and PALISADES ACQUISITION XVI, LLC; | ) ) ) ) | |
| Defendants. | ) ) | |

## AMENDED COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Dawn Beutel-Zachery brings this action to secure redress for the conduct of Defendants in bringing proceedings to enforce judgments entered in lawsuits brought by a number of now-dissolved corporations established by the now-defunct law firm of Wolpoff and Abramson.  On information and belief, the corporations were Great Seneca Financial Corporation, Centurion Capital Corporation, Platinum Financial Services Corporation, Sage Financial Corporation,  Hawker Financial Corporation, Colonial Credit Corporation and Monarch Capital Corporation, although there may have been others. The debt buying entities established by Wolpoff and Abramson are hereinafter collectively referred to as the "Dead Companies."

2.      Plaintiff alleges that Defendants commenced legal proceedings to enforce the judgments even though they had not been assigned to the entities in whose names the legal proceedings were brought.

3.      Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq ("FDCPA") and state law.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction under 15 U.S.C. §1692k, 28 U.S.C. §1331, and 28 U.S.C. §1367.  Jurisdiction may also exist under 28 U.S.C. §1332(d).

5.      Venue and personal jurisdiction is proper because Defendants directed collection activity against residents of Indiana and through use of Indiana courts.

## PARTIES

### Plaintiff

6.      Plaintiff Dawn Beutel-Zachery is an individual who resides in Speedway,  Indiana.

### Defendants

### Defendant Javitch Block LLC

7.      Defendant Javitch Block LLC is a law firm organized as a limited liability company under Ohio law.  Its principal place of business is 1100 Superior Avenue, 19th floor, Cleveland, OH 44115-2521.  It does business in Indiana.  Its registered agent and office is Registered Agent Solutions, Inc., 200 Byrd Way, Suite 205, Greenwood, IN 46143.

8.      Defendant Javitch Block LLC states that it "is a law firm concentrating in the area of creditor representation. [¶]  Our primary representation is in Collections and Insurance Subrogation. [¶] The Collections Practice includes recovery of all types of debts, including credit card, installment loans, taxes, student loans, rent, commercial accounts receivable, and purchased debt." (http://www.jbllc.com/)

9.      Defendant Javitch Block LLC uses the mails, telephone system and Internet in collecting consumer debts allegedly owed to others.

10.      Defendant Javitch Block LLC is a debt collector as defined in the FDCPA.

### Defendant Palisades Acquisition XVI, LLC

11.      Defendant Palisades Acquisition XVI, LLC is a Delaware limited liability company. Its registered agent and office is Corporation Service Company, 251 Little Falls Drive, Wilmington,

2

DE  19808.  It does or transacts business in Indiana.

12.    The sole purpose of Defendant Palisades Acquisition XVI, LLC is to allegedly acquire and collect delinquent debts.

13.    The mails and telephone system are used in connection with efforts to collect such debts.

14.    Defendant Palisades Acquisition XVI, LLC is a debt collector as defined in the FDCPA.

### Defendant Palisades Collection, L.L.C.

15.    Defendant Palisades Collection, L.L.C. is a Delaware limited liability company headquartered at 210 Sylvan Avenue, Englewood Cliffs, NJ 07632.  It does business in Indiana.  Its registered agent and office is Corporation Service Company,  251 Little Falls Drive, Wilmington, DE 19808, or 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN 46204.

16.    Defendant Palisades Collection, L.L.C. is engaged in the business of a collection agency, using the mails and telephone system to collect delinquent consumer debts allegedly owed to others, including Palisades Acquisition XVI, LLC.

17.    Defendant Palisades Collection, L.L.C. is a "debt collector" as defined in the FDCPA.

18.    Defendant Palisades Collection, L.L.C. is the authorized agent of Palisades Acquisition XVI, LLC and so acted with respect to all acts complained of herein.

19.    Among other things, Defendant Palisades Collection, L.L.C. arranges for law firms to institute legal proceedings on debts supposedly owned by Palisades Acquisition XVI, LLC.

20.    Defendant Palisades Collection, L.L.C. directly or indirectly caused Javitch Block LLC to engage in the conduct complained of herein.

21.    Palisades Collection, L.L.C. and Palisades Acquisition XVI, LLC are under common management and control.  Both are wholly owned subsidiaries of Asta Funding, Inc., which was a

public company until 2020.

22.     Palisades Collection, L.L.C. and Palisades Acquisition XVI, LLC are collectively referred to as the "Palisades Defendants."

## **FACTS**

23.     In the early 2000s there was a large collection law firm named Wolpoff and Abramson, headquartered in Maryland. Wolpoff and Abramson specialized in collecting consumer debts that had been charged off by the original lender. Wolpoff and Abramson established a number of companies to buy and hold the debts – the "Dead Companies."

24.     The Dead Companies filed lawsuits against many consumers and obtained judgments against them.

25.     On January 2, 2004, Great Seneca Financial Corporation filed suit against Dawn Beutel-Zachery in Marion Superior Court 3, case 49D03-0401-CC-000004.  (Attachment A)

26.     The lawsuit sought to collect a credit card debt incurred for personal, family or household purposes and not for business purposes.

27.     On May 14, 2004, a default judgment in the amount of $8,495.45 plus costs was entered in favor of Great Seneca Financial Corporation and against Dawn Beutel-Zachery. (Attachment B)

28.     In 2007, the Dead Companies contracted to sell $6.9 billion in receivables to Palisades Acquisition XV, LLC for a price of about $300 million, or less than 5 cents on the dollar. (Attachment C)   On information and belief, the receivables sold were a majority of the receivables of the Dead Companies, but less than all of them.

29.     Palisades Acquisition XV, LLC had receivables acquired from the Dead Companies transferred to Palisades Acquisition XVI, LLC.

30.     Palisades Collection, L.L.C., was assigned to service the receivables, directly or by hiring and supervising other debt collectors.  (Attachment D)

31.     In March 2009, the Dead Companies were dissolved.  The articles of dissolution for Great Seneca are in Attachment E.

32.     Wolpoff and Abramson merged and became part of another law firm, Mann Bracken, which then went out of business.

33.     During the period 2009-present, Palisades Collection, L.L.C. and Palisades Acquisition XVI, LLC, attempted to collect on numerous judgments in the name of the Dead Companies throughout the United States.  The collection activities included domesticating sister state judgments and renewing or extending the life of judgments.

34.     A number of cases found that there was no valid assignment of specific accounts. *Centurion Capital Corp. v. Guarino*, No. 11117/05, 35 Misc.3d 1219(A), 2012 WL 1543286, 2012 N.Y. Slip Op. 50749(U) (N.Y.City Civ.Ct., April 30, 2012); *Great Seneca Financial Corp. v. Ogbunwale*,  47 Misc.3d 322, 2 N.Y.S.3d 868 (N.Y.City Civ. Ct. 2015); *Colonial Credit Corp. v. Beyers,* 14582/05, 46 Misc.3d 1221(A), 15 N.Y.S.3d 711 (Table), 2015 WL 792058, 2015 N.Y. Slip Op. 50153(U) (N.Y.City Civ.Ct.); *Powell v. Palisades Acquisition XVI, LLC,* 782 F.3d 119 (4th Cir. 2014), and Maryland proceedings described therein.   In the *Beyers*  case, a law firm, Houslanger & Associates, was sanctioned for attempting to file a notice of assignment to Palisades Acquisition XVI, LLC and a consent to change attorneys long after a judgment had been satisfied.

35.     The $6.9 billion in receivables sold by the Dead Companies to Palisades Acquisition XV, LLC  were supposedly listed on a CD.  On information and belief, this was the sole record that showed what the Dead Companies assigned to Palisades Acquisition XV, LLC.

36.     In discovery in this matter, the Palisades Defendants  have stated that the CD was discarded.

37.     On information and belief, based on the dates of the above-cited decisions finding assignments of Dead Company debts to be absent, the CD has not existed for at least 6 years prior to the original filing of this action in Indiana state court on October 20, 2022.

38.     Since the Palisades Defendants were responsible for the nonexistence of the CD, they are not entitled to offer secondary evidence of its contents.

39.     Defendants were aware that there were no assignments of the debts and the judgments.

40.     To cover up, conceal, and avoid inquiry into the lack of assignments, Defendants did the following:

a.      Continued to engage in collection activities in the name of the Dead Companies, long after they were dissolved and had no interest in the matter. Engaging in such activities is a false representation that the Dead Company exists and is the party entitled to collect from the consumer.

b.      Filed with courts and presented consumers with documents captioned "assignment" or "assignment of judgment," but which were merely affidavits by an employee of Palisades Acquisition XVI, LLC – the purported assignee – claiming that an assignment had been made. Such a document is not an "assignment."

c.      Filed with courts and presented consumers with documents entitled "assignment" or "bill of sale," but which did not refer to the CD or attach any material from the CD. Typically such documents stated that Great Seneca (or another Dead Company) transferred to Palisades Acquisition XV, LLC, the accounts "attached hereto as Schedule 1" or "referenced on the attached Exhibit A." No "Schedule 1" or "Exhibit A" was ever provided. Schedule 1 or Exhibit A was the CD.

d.      Claimed that the Dead Company had changed its name to Palisades Acquisition XVI, LLC.

e.      Simply changed the case caption, on documents filed with courts and

6

provided to consumers, to refer to Palisades Acquisition XVI, LLC.

41.    The purpose and effect of doing this was to conceal the lack of assignments, avert inquiry regarding the assignments, and conceal the unlawful conduct complained of herein.

42.    Defendants have engaged in a pattern and practice of such conduct.

43.    In Plaintiff's case, nothing happened in 49D03-0401-CC-000004 between 2006 and 2019. (Docket, Attachment F)

44.    In September 2021, Javitch Block LLC appeared in 49D03-0401-CC-000004 on behalf of Palisades Acquisition XVI, LLC. (Attachment G)

45.    Without leave of court, and without placing anything in the record showing that Palisades Acquisition XVI, LLC had any interest in the 2004 judgment, Javitch Block LLC altered the caption on its appearance to read, "Palisades Acquisition XVI, LLC v. Dawn Beutel-Zachery," and commenced proceedings supplemental against her, also under that caption. (Attachment H)

46.    Ms. Beutel-Zachery was ordered to appear for examination on October 26, 2021. (Attachment I)

47.    This order was prepared by Javitch Block LLC.

48.    On February 28, 2022, attorney Seth Row of Javitch Block LLC filed another appearance on behalf of Palisades Acquisition XVI, LLC. (Attachment J)

49.    The date of Plaintiff's appearance in the proceedings supplemental was continued from time to time, until August 18, 2022.

50.    On March 3, 2022, Javitch Block had an order to answer interrogatories issued to Ms. Beutel-Zachery's employer. (Attachment K)

51.    On March 30, 2022, Javitch Block LLC obtained information about Ms. Beutel-Zachery from her employer.

52.    Ms. Beutel-Zachery retained counsel, who on August 17, 2022, filed a motion to strike the appearance of attorney Seth Row of Javitch Block LLC, on the ground that Palisades

Acquisition XVI, LLC was not a party to the lawsuit.  (Attachment L)

53.	By order of August 31, 2022, this motion was granted (Attachment M).

54.	There is no document (a) executed by Great Seneca, (b) referring to Ms. Beutel-Zachary's debt or the judgment against her and (c) transferring either, first to Palisades Acquisition XV, LLC, and then from Palisades Acquisition XV, LLC to Palisades Acquisition XVI, LLC. "

55.	Because the CD no longer exists, there is no document (a) executed by a Dead Company, (b) referring to any debtor of the Dead Companies and (c) transferring the Dead Company's rights against such person to Palisades Acquisition XV, LLC, and then from Palisades Acquisition XV, LLC to Palisades Acquisition XVI, LLC.

56.	Hereinafter such documents are referred to as "account level assignments."

57.	In numerous cases, legal proceedings have been commenced or continued even though there are no account level assignments of the debts and the judgments from any of the Dead Companies to Palisades Acquisition XV, LLC and from Palisades Acquisition XV, LLC to Palisades Acquisition XVI, LLC.  Collection activities included initiating post-judgment proceedings and extending or renewing the life of judgments.

58.	Plaintiff suffered direct harm caused by the actions of the Defendants.  Plaintiff had to retain counsel to fight the post-judgment proceedings described above, spending money and time doing so.  Plaintiff had post-judgment proceedings served on her employer, embarrassing her. Plaintiff also suffered emotional distress and aggravation.

59.	The documents used by Defendants in the case of Plaintiff are typical of the documents in all of the cases described in this complaint.

## COUNT I – FDCPA  – CLASS CLAIM

60.	Plaintiff incorporates by reference paragraphs 1-59.

61.	Defendants, acting in concert, violated 15 U.S.C. §1692f by prosecuting legal proceedings on judgments  without an account level assignment of the judgment and the debt to

Palisades Acquisition XVI, LLC.

62.     Section 1692f provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1)     The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .

## CLASS ALLEGATIONS

63.     Plaintiff brings this claim on behalf of a class and subclass, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

64.     The class consists of (a) all natural persons (b) against whom one of the Dead Companies obtained a judgment (c) who were subjected, directly or indirectly, to collection activities on such judgment by any of the Defendants herein (including domesticating sister state judgments and renewing or extending the life of judgments)  (d) on or after a date beginning one year prior to the original filing of this action on October 20, 2022 (e) where Defendants do not have account level assignments, as defined above.

65.     The subclass includes class members where Javitch Block LLC engaged in the collection proceedings.

66.     On information and belief, there are more than 40 members of the  class and subclass, and the class and subclass are so numerous that joinder of all members is impracticable.

67.     There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The common questions include:

a.     Whether Defendants engaged in a pattern of collecting judgments entered in favor of the Dead Companies without account level assignments;

b.     Whether engaging in such conduct violated the FDCPA.

9

68.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

69.     Plaintiff will adequately and fairly protect the interests of all members of the class.  She has the requisite personal interest in the outcome of this litigation and have no interest antagonistic to any member of the proposed class.

70.     Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

71.     A class action is the superior means of adjudicating this dispute in that:

    a.    Individual cases are not economically feasible;

    b.    Class members are unlikely to be aware of their rights, the entire scheme being dependent on concealment of the facts from the class members;

    c.    Congress provided for class actions as a means of enforcing the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and subclass and  against Defendants for:

    i.    Statutory damages;

    ii.    Actual damages;

    iii.    Attorney fees, litigation expenses and costs of suit;

    iv.    Such other or further relief as is proper.

## COUNT II  – INDIANA DECEPTIVE CONSUMER SALES ACT   – CLASS CLAIM

72.     Plaintiff incorporates by reference paragraphs 1-59.

73.     This claim is against Defendants Palisades Acquisition XVI, LLC and Palisades Collection L.L.C.

74.     Defendants Palisades Acquisition XVI, LLC and Palisades Collection L.L.C. are "suppliers" for purposes of the IDCSA, in that they are entities that are "debt collectors" under the FDCPA.

75.    The efforts to collect debts are "consumer transactions" for purposes of the

IDCSA.  IC 24-5-0.5-2(a)(1)(C) defines "consumer transaction" to include "The collection of or

attempt to collect a debt by a debt collector." IC24-5-0.5-2(a)(15) states that "Debt collector has the

meaning set forth in 15 U.S.C. 1692a(6)" but "does not include a person admitted to the practice of

law in Indiana if the person is acting within the course and scope of the person's practice as an

attorney."

76.    The conduct set forth above constitute unfair, abusive and deceptive acts in violation

of IC 24-5-0.5-3, which provides:

> (a) A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations.

> (b) Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier, are deceptive acts:

>> (1) That such subject of a consumer transaction has sponsorship, approval, performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have. . . .

>> (7) That the supplier has a sponsorship, approval, or affiliation in such consumer transaction the supplier does not have, and which the supplier knows or should reasonably know that the supplier does not have.

>> (8) That such consumer transaction involves or does not involve a warranty, a disclaimer of warranties, or other rights, remedies, or obligations, if the representation is false and if the supplier knows or should reasonably know that the representation is false.  . . .

77.    Plaintiff asserts that it is not necessary to plead or prove an incurable deceptive

act to state a claim under IC 34-5-0.5-3(20); but to the extent it is necessary to state a claim under

24-5-0.5-3(20), Plaintiff avers that by trying to collect judgments in favor of a defunct entity, without

an assignment of the debt and judgment, Defendants engaged in a scheme, device or artifice with

intent to defraud, making the deceptive act an "incurable deceptive act".

78.    Plaintiff relied on the deceptive acts of the Defendants by hiring an attorney and

11

otherwise defending proceedings that should not have been brought.

79.     The violations of the Defendants were willful. The Defendants knew or acted with reckless disregard of the fact that they had no assignment from the Dead Companies.

## CLASS ALLEGATIONS

80.     Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

81.     The class consists of (a) all natural persons (b) against whom one of the Dead Companies obtained a judgment in Indiana  (c) who were subjected, directly or indirectly, to collection activities on such judgment by any of the Defendants herein (including domesticating sister state judgments and renewing or extending the life of judgments)  (d) on or after a date beginning 2 years prior to the original filing of this action on October 20, 2022 (IC 24-5-0.5-5 (b)) (e) where Defendants do not have account level assignments  of the debt and the judgment from the Dead Company to Palisades Acquisition XV, LLC, and from Palisades Acquisition XV, LLC to Palisades Acquisition XVI, LLC.

82.     On information and belief, there are more than 40 members of the class, which is so numerous that joinder of all members is impracticable.

83.     There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The common questions include:

> a.      Whether Defendants engaged in a pattern of collecting judgments entered in favor of the Dead Companies without an account level to one of the Defendants;
>
> b.      Whether engaging in such conduct violated the FDCPA;
>
> c.      Whether engaging in such conduct violated the IDCSA.

84.     Plaintiff's claim is typical of the claims of the class members. All are

based on the same factual and legal theories.

85.     Plaintiff will adequately and fairly protect the interests of all members of the class.  She has the requisite personal interest in the outcome of this litigation and has no interest antagonistic to any member of the proposed class.

86.     Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

87.     A class action is the superior means of adjudicating this dispute in that:

        a.      Individual cases are not economically feasible;

        b.      Class members are unlikely to be aware of their rights, the entire scheme being dependent on concealment of the facts from the class members;

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendants for:

        i.      Statutory damages pursuant to IC 24-5-0.5-4 in the amount of $500 per Defendant if not willful or $1,000 per Defendant if willful;

        ii.     Actual damages;

        iii.    Attorney fees, litigation expenses and costs of suit;

        iv.     Such other or further relief as is proper.

## COUNT III – WRONGFUL LEGAL PROCEEDINGS – CLASS CLAIM

88.     Plaintiff incorporates by reference paragraphs 1-59.

89.     Defendants directed legal process to Plaintiff and her employer.

90.     Defendants took such action without being authorized to do so by anyone who could give such authority, in that the Dead Companies had not authorized such actions and no one who held an account level assignment of the debt or judgment had given such authority.

91.     Defendants acted in this manner for the wrongful purpose of concealing defects in the assignments and collecting money to which they were not entitled.

13

## CLASS ALLEGATIONS

92.    Plaintiff brings this claim on behalf of a class and subclass, pursuant to Fed.R.Civ.P. Rule 23(a) and (b)(3).

93.    The class consists of (a) all natural persons (b) against whom one of the Dead Companies obtained a judgment (c) who were subjected, directly or indirectly, to collection activities on such judgment by any of the Defendants herein (including domesticating sister state judgments and renewing or extending the life of judgments) (d) on or after a date beginning 2 years prior to the original filing of this action on October 20, 2022 (IC 34-11-2-4) (e) where Defendants do not have account level assignments  of the debt and the judgment from the Dead Company to Palisades Acquisition XV, LLC, and from Palisades Acquisition XV, LLC to Palisades Acquisition XVI, LLC.

94.    The subclass consists of class members where the collection activities were engaged= in by Javitch Block LLC.

95.    On information and belief, there are more than 40 members of the  class and subclass, each of which is so numerous that joinder of all members is impracticable.

96.    There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The common questions include:

      a.    Whether Defendants engaged in a pattern of collecting judgments entered in favor of the Dead Companies without assignments;

      b.    Whether engaging in such conduct is an wrongful use of legal proceedings.

97.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

98.    Plaintiff will adequately and fairly protect the interests of all members of the class.  She has the requisite personal interest in the outcome of this litigation and has no interest antagonistic to any member of the proposed class.

14

99.     Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

100.    A class action is the superior means of adjudicating this dispute in that:

      a.      Individual cases are not economically feasible;

      b.      Class members are unlikely to be aware of their rights, the entire scheme being dependent on concealment of the facts from the class members;

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and subclass and against Defendants for:

      i.      Actual damages;

      ii.     Punitive damages;

      iii.    Costs of suit;

      iv.     Such other or further relief as is proper.

### COUNT IV – FRAUD – CLASS CLAIM

101.    Plaintiff incorporates by reference paragraphs 1-59.

102.    Defendants committed fraud on both the judgment debtors and the judicial system when they:

      a.      Continued to engage in collection activities in the name of the Dead Companies, long after they were dissolved and had no interest in the matter. Engaging in such activities is a false representation that the Dead Company exists and is the party entitled to collect from the consumer.

      b.      Filed with courts and presented consumers with documents captioned "assignment" or "assignment of judgment," but which were merely affidavits by an employee of Palisades Acquisition XVI, LLC – the purported assignee – claiming that an assignment had been made. Such a document is not an "assignment."

15

c.    Filed with courts and presented consumers with documents entitled "assignment" or "bill of sale," but which did not refer to the CD or attach any material from the CD. Typically such documents stated that Great Seneca (or another Dead Company) transferred to Palisades Acquisition XV, LLC, the accounts "attached hereto as Schedule 1" or "referenced on the attached Exhibit A." No "Schedule 1" or "Exhibit A" was ever provided. Schedule 1 or Exhibit A was the CD.

d.    Claimed that the Dead Company had changed its name to Palisades Acquisition XVI, LLC.

e.    Simply changed the case caption, on documents filed with courts and provided to consumers, to refer to Palisades Acquisition XVI, LLC.

103.    Defendants acted in this manner for the wrongful purpose of concealing defects in the assignments and collecting money to which they were not entitled.

## CLASS ALLEGATIONS

104.    Plaintiff brings this claim on behalf of a class and subclass, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

105.    The class consists of (a) all natural persons (b) against whom one of the Dead Companies obtained a judgment (c) who were subjected, directly or indirectly, to collection activities on such judgment by any of the Defendants herein (including domesticating sister state judgments and renewing or extending the life of judgments) (d) on or after a date beginning 6 years prior to the original filing of this action on October 20, 2022 (e) where Defendants do not have case level assignments of the debt and the judgment from the Dead Company to Palisades Acquisition XV, LLC, and from Palisades Acquisition XV, LLC to Palisades Acquisition XVI, LLC.

106.    The subclass consists of class members who were subjected to collection activities by Javitch Block LLC.

16

107.    On information and belief, there are more than 40 members of the class and subclass, each of which is so numerous that joinder of all members is impracticable.

108.    There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The common questions include:

a.    Whether Defendants engaged in a pattern of collecting judgments entered in favor of the Dead Companies without assignments.

b.    Whether engaging in such conduct constitutes fraud.

109.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

110.    Plaintiff will adequately and fairly protect the interests of all members of the class. She has the requisite personal interest in the outcome of this litigation and has no interest antagonistic to any member of the proposed class.

111.    Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

112.    A class action is the superior means of adjudicating this dispute in that:

a.    Individual cases are not economically feasible;

b.    Class members are unlikely to be aware of their rights, the entire scheme being dependent on concealment of the facts from the class members;

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and subclass and against Defendants for:

i.    Compensatory damages;

ii.    Punitive damages;

iii.    Costs of suit;

iv.    Such other or further relief as is proper.

17

_s/ Keith R. Hagan_
Keith R. Hagan # 30265-49


_s/ Steven R. Hofer_
Steven R. Hofer #11584-49

**HOFER HAGAN LLP**
8888 Keystone Crossing, Suite 1300
Indianapolis IN 46240
(317) 531-4575
(317) 300-7189 (FAX)
www.hoferhagan.com
Keith@hoferhagan.com
Steve@hoferhagan.com


_s/ Daniel A. Edelman_
Daniel A. Edelman

**EDELMAN, COMBS,
LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
courtecl@edcombs.com

T:\38987\Pleading\1st Amended Complaint DAE 4-11-23_Pleading.WPD

18

## **CERTIFICATE OF SERVICE**

Daniel A. Edelman certifies that on June 28, 2023 this document was filed via ECF, causing copies to be sent to all counsel of record.


*/s/ Daniel A. Edelman*
Daniel A. Edelman