IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DAWN BEUTEL-ZACHARY,                     )
on behalf of plaintiff and the class     )
members described herein,                )
                                         )        Case No. 1:22-cv-02261-JRS-MKK
            *Plaintiff,* .               )
                                         )
v.                                       )
                                         )
JAVITCH BLOCK LLC;                       )
PALISADES COLLECTION, L.L.C.             )
and PALISADES ACQUISITION XVI,           )
LLC,                                     )
                                         )
            *Defendants.*                )

## DECLARATION OF LORRI SMITH

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the following statements are true and correct to the best of my personal knowledge:

1. I am over eighteen (18) years of age, am not suffering from any mental disability, and am legally competent to make this Declaration.

2. Palisades Collection, LLC is the parent and sole member of Palisades Acquisition XV, LLC, which, in turn, is the corporate parent and sole member of Defendant Palisades Acquisition XVI, LLC. Defendants Palisades Collection, LLC and Palisades Acquisition XVI, LLC are collectively referred to herein as the "Palisades Defendants."

3. I am the Vice President of business development for Asta Funding, Inc. ("Asta"). Asta is the corporate parent and sole member of Defendant Palisades Collection, LLC. In this capacity, the business records of the Palisades Defendants are in my care, custody and control. I am familiar and knowledgeable with said books and records, can attest that they

are updated contemporaneous with the transaction of business at the Palisades Defendants and I can attest that the records are true and correct.

4. I am responsible for the acquisition, management, and liquidation of both performing and non-performing consumer receivables.  Further, I am a custodian of records for Asta and its related entities which include the Palisades Defendants.

5. I am authorized to make this Declaration for Asta and the Palisades Defendants for all purposes permitted by law.

6. I am aware that on October 19, 2023, the Court in this matter issued an order as follows:

   For Plaintiff's disputes B and K, a motion to compel is authorized, to address whether the Palisades Defendants should be compelled to produce documents held or maintained by the third-party servicers or subservicers.

7. I understand that "Plaintiff's dispute B" encompasses Requests for Admission 1 through 8 from Plaintiff's First Set of Discovery, which are attached hereto as Exhibit A.  I also understand that "Plaintiff's dispute B" encompasses Interrogatories 1 through 5; and Request for Production of Documents 1 through 3 from Plaintiff's Third Set of Discovery, which are attached hereto as Exhibit C.

8. I am further aware that "Plaintiff's dispute K" encompasses Interrogatories 2, 3 and 5 through 18 and Request for Production of Documents 28 and 29 from Plaintiff's First Set of Discovery, which are attached hereto as Exhibit A.  Plaintiff's "dispute K" also encompasses Request for Production of Documents 1 from Plaintiff's Second Set of Discovery which is attached hereto as Exhibit B.  Additionally, Plaintiff's "dispute K" also encompasses Interrogatories 1 through 5 and Request for Production of Documents 1 through 3 from Plaintiff's Third set of discovery.

2

9. I am not addressing Interrogatories 5 through 18 from Plaintiff's First Set of Discovery in this declaration nor am I addressing Plaintiff's Request for Production of Documents 1, Second Set of Discovery in this declaration.

10. On or about February 5, 2007, Palisades Acquisition XV, LLC acquired a certain portfolio of accounts from Great Seneca Financial Corporation, Platinum Financial Services Corporation, Monarch Capital Corporation, Colonial Credit Corporation, Centurian Capital Corporation, Sage Financial Limited, and Hawker Financial Corporation (collectively, the "Great Seneca Portfolio").

11. On May 5, 2007, Palisades Acquisition XV, LLC transferred all rights, title, and interest in the Great Seneca Portfolio to Palisades Acquisition XVI, LLC, which, in turn, placed the Great Seneca Portfolio with Palisades Collection, LLC for servicing and collection.

12. The Great Seneca Portfolio is owned solely by Palisades Acquisition XVI, LLC.

13. Since acquiring the Great Seneca Portfolio, Palisades Collection, LLC has exclusively utilized several independent attorney networks to collect the Great Seneca Portfolio set forth below:

   ARIES DATA COLLECTIONS

   DATA SEARCH dba TRAK AMERICA

   ELTMAN, ELTMAN & COOPER

   UNIFUND PARTNERS CCR

   INVESTINET, LLC

14. The independent attorney networks, identified above, were responsible for, among other things, identifying law firms with the experience and knowledge to collect on judgments

owned by Palisades Acquisition XVI, LLC, placing the judgment accounts with said law firms, and directing the activities of these law firms.

15. Asta and the Palisades Defendants require that all judgment enforcement actions be pursued in the name of Palisades XVI, LLC, as the owners of the judgments.

16. Neither Asta nor the Palisades Defendants possess the data necessary to respond to Plaintiff's following discovery requests:

   a. Requests for Admission 1 through 8 from Plaintiff's First Set of Discovery.

   b. Interrogatories 2 and 3 from Plaintiff's First Set of Discovery.

   c. Request for Production of Documents 28 and 29 from Plaintiff's First Set of Discovery.

   d. Interrogatories 1 through 5 and Request from Plaintiff's Third Set of Discovery.

   e. Request for Production of Documents 1 through 3 from Plaintiff's Third Set of Discovery.

Plaintiff's discovery requests identified above seek granular, very specific information about Palisades "collection activities" on the judgment accounts in the Great Seneca portfolio regarding "domesticating sister state judgments and renewing or extending the life of judgments." The information and documents responsive to these requests – including information about "domesticating sister state judgments and renewing or extending the life of judgments" -- is in possession of the attorney networks identified in Paragraph 13 above and the law firms retained by the attorney networks that pursued the enforcement of the judgments. Further, some of Plaintiff's discovery requests identified above seek information about collection activities on judgments owned by Palisades where documents were filed by a law firm with a Court that "(a) were entitled bill of sale or assignment, (b) claimed that the Great Seneca Company changed its name to Palisades

Acquisition XVI, LLC, (c) were entitled "assignment" or "assignment of judgment" executed by an employee of Palisades Acquisition XVI, LLC, or (d) changed the case caption from one of the Great Seneca Companies to Palisades Acquisition XVI, LLC." The information and documents responsive to these requests, if any, are also in possession of the attorney networks identified in Paragraph 13 above and the law firms retained by the attorney networks that pursued the enforcement of the judgments.

17. Neither Asta nor the Palisades Defendants have a direct contractual relationship with any of the law firms with which the attorney networks place accounts within the Great Seneca Portfolio.

18. Neither Asta nor the Palisades Defendants had any control over which accounts within the Great Seneca Portfolio were placed with any law firm by the attorney networks because Palisades delegates those duties to the attorney networks and provides guidelines for the compliant servicing of accounts. Likewise, neither Asta nor the Palisades Defendants had any control over the collection activities undertaken by these law firms, but Palisades does require that such collection activities comply with all applicable laws. Neither Asta nor the Palisades Defendants had any direct contact or interaction with the law firms on which the accounts were placed by the attorney networks.

19. The agreement between Palisades Collection, LLC and InvestiNet LLC states that the nature of relationship between the parties is limited solely to an independent contractor relationship. A true and correct copy of the Attorney Network Collection Agreement is produced herewith as Exhibit A.

Executed on this 21 day of November, 2023.

By: Lorri Smith

5