# <u>APPENDIX A</u>

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Dawn Zachery, on behalf of Plaintiff and the class members described herein, | ) ) ) | CASE NO. 1:22-cv-2261-JRS-MKK |
| | ) | JUDGE: James R. Sweeney II |
| Plaintiff, | ) ) | MAGISTRATE JUDGE: M. Kendra Klump |
| v. | ) ) | |
| Javitch Block LLC, et al., | ) ) | |
| Defendants. | ) | |

**CLASS ACTION SETTLEMENT AGREEMENT**

This class action settlement agreement ("Agreement") is entered into between Dawn Zachery, aka Dawn Beutel-Zachery ("Plaintiff" or "Class Representative"), individually and on behalf of the "Class Members" (as defined below), and Javitch Block, LLC ("Defendant" or "Javitch"). This Agreement is intended by Plaintiff and Defendant, on behalf of themselves and the Class Members (collectively, the "Parties"), to fully, finally, and forever resolve, discharge, and settle the "Released Claims" (as defined below), upon and subject to the terms and conditions contained herein. Plaintiff has a separate class settlement agreement with Defendants Palisades Collection, LLC and Palisades Acquisition XVI, LLC.

RECITALS

On October 20, 2022, Plaintiff filed a class action complaint (the "Lawsuit") against Javitch, Palisades Collection, LLC, and Palisades Acquisition, XVI, LLC in the Superior Court in Marion County, Indiana, cause number 49D07-2210-PL-036414, which was later timely removed to the United States District Court, Southern District of Indiana, Case No. 11:22-cv-02261-JRS-MKK on November 22, 2022. Plaintiff asserted putative class claims against Javitch arising under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., Wrongful Legal Proceedings, and later amended on June 28, 2023, to include a common law claim for fraud (collectively, the Alleged Violations);

Plaintiff alleges that Defendant engaged in the Alleged Violations regarding its debt collection efforts with respect to Plaintiff and certain Indiana consumers;

Defendant expressly denies any liability whatsoever to Plaintiff or the Class Members, and denies the Alleged Violations;

The Parties desire and intend to settle and resolve all the claims asserted against Javitch in the Lawsuit;

1

The Parties wish to avoid the expense and uncertainty of continued litigation;

The Parties believe that settlement by way of this Agreement is in their best interests;

Plaintiff's counsel have conducted an evaluation of the claims to determine how best to serve the interests of the Class Members;

Plaintiff's counsel believe—in view of the costs, risks, and delays of continued litigation and appeals, including the amount of money potentially available to the Class Members in light of Defendant's net worth and the cap on statutory damages set forth in the FDCPA, balanced against the benefits of settlement to the Class Members—that the class settlement as provided in this Agreement is in the best interest of the Class Members and is a fair, reasonable, and adequate resolution of the Lawsuit;

Prior to entering into this Agreement, counsel for the Parties exchanged information concerning the size of the class, Defendant's financial position, and the potential defenses to Plaintiff's claims, which helped to inform their negotiations;

The Parties desire and intend to seek Court approval of the settlement of the Lawsuit as set forth in this Agreement and, upon Court approval, to seek entry of a Final Approval Order dismissing with prejudice the claims of Plaintiff and the Class Members as set forth herein;

The Parties and their counsel agree to recommend approval of this Agreement to the Court and to any regulatory authority responding to the proposed settlement pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. 1715; and

The Parties agree to undertake all steps necessary to effectuate the terms and purposes of this Agreement, to secure the Court's approval of same, and contemplate that they will oppose any objections to the proposed settlement, including objections by any regulatory authority after CAFA notices are issued, and may oppose any appeals from any orders of final approval not taken by the Parties.

In consideration of the promises, representations, and warranties set forth, the Parties agree as follows:

A.     DEFINITIONS – The following definitions apply to this Agreement:

1.     "Effective Date" means the first business day after the "Final Order Day" (as defined below).

2.     "Final Order Day" means the day upon which the Final Approval Order becomes "Final." The Final Approval Order becomes "Final" upon the expiration of any available appeal period following entry of the Final Approval Order. If any appeal is filed from the Final Approval Order, then the Final Order Day will be the first date after the conclusion of all appeals, so long as the Final Approval Order is not reversed or vacated.

3.      "Class Member" means any person who meets the following definition:

(a) All natural persons (b) against whom one of the Great Seneca Companies obtained a judgment on a debt; (c) who were subjected to Collection Activities on such judgment; (d) by Javitch Block, LLC acting on behalf of Palisades Acquisition XVI, LLC or Palisades Collection, LLC, (e) on or after October 20, 2021.

The "Great Seneca Companies" are defined to include (i) Centurion Capital Corp., (ii) Colonial Credit Corp., (iii) Great Seneca Financial Corp., (iv) Hawker Financial Corp. (v) Monarch Capital Corp., (vi) Platinum Financial Services Corp., (vii) Sage Financial, Ltd. (hereinafter "Great Seneca Companies"),

The preliminary list of Class Members was provided in discovery as Table 2a(R) and includes approximately 237 persons. The final list of Class Members excludes persons who are deceased and persons who have filed and received a discharge under Chapter 7 of the Bankruptcy Code (persons who filed under Chapters 13, 12 and 11 are Class Members).

4.      "Collection Activities" means (i) a written validation notice (required by 15 U.S.C. 1692g) mailed to the consumer, or (ii) the consumer was called by Javitch regarding the debt; or (iii) the filing and or service of an appearance of counsel, interrogatories, motion for proceedings supplemental, a garnishment, or motion to substitute.

5.      "Participating Class Member" means a Class Member who does not opt out and whose mailed class notice is not returned as undeliverable.

6.      "Released Claims" means the Alleged Violations against Defendant arising out of Defendant's Collection Activities on or after October 20, 2021.   The Released Claims also include a covenant not to sue from Plaintiff and any Participating Class Members for any other claims against Defendant including, Wrongful Legal Proceedings, or fraud related to the Great Seneca Company judgments.  Plaintiff and Participating Class Members covenant not to obtain FDCPA statutory damages from Palisades Collections, LLC or Palisades Acquisition, XVI, LLC for the acts of Defendant Javitch Block, LLC.   Nothing herein prevents Plaintiff from pursuing claims including the Alleged Violations against Palisades Collection, LLC, or Palisades Acquisition, XVI, LLC as asserted in the Litigation.  The Released Claims will not prevent Plaintiff or any Class Member from asserting any defenses he or she has to the alleged Great Seneca Company judgments.

7.      "Released Parties" means Javitch Block, LLC, and each of its past, present, and future directors, officers, employees, insurers, co-insurers, re-insurers, shareholders, attorneys, and any parent, subsidiary, predecessor, or successor company. Released Parties also includes any person or entity that could be sued based upon vicarious liability for the acts alleged against Javitch in this lawsuit, including Defendant's clients, agents, representatives and suppliers or servicers in such capacities as they relate to the Great Seneca Company judgments. The Released Parties exclude Palisades Collection, LLC and Palisades Acquisition, XVI, LLC.

3

B.     CLASS CERTIFICATION – Plaintiff will seek, and Defendant will not oppose, preliminary approval of the settlement on behalf of the class defined above in ¶ 1(C).

C.     CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT – The Parties agree that Plaintiff should be appointed as the Class Representative for the Class Members and that Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner & Goodwin LLC and Keith R. Hagan and Steven R. Hofer of Hofer Hagan LLP should be appointed as counsel for the Class Members ("Class Counsel").

D.     ORDER OF PRELIMINARY APPROVAL – Plaintiff will file an unopposed motion requesting that the Court enter an Order of Preliminary Approval of Class Action Settlement in substantially the same form attached as Exhibit A.

E.     FINAL APPROVAL ORDER AND JUDGMENT – If the settlement is approved preliminarily by the Court, and all other conditions precedent to the settlement have been satisfied, Plaintiff will file an unopposed motion requesting that the Court enter the Final Approval Order and Judgment in substantially the same form attached as Exhibit B.

F.     ADMINISTRATION AND NOTIFICATION PROCESS – Class-Settlement.com a third-party class administrator jointly selected by and  agreeable to the parties ("Class Administrator")—will administer the settlement and notification of the settlement to the Class Members. The costs and expenses for the administration of the settlement and class notice, including all work necessary to identify current contact information for the Class Members, will be paid by Defendant separate and apart from the Settlement Fund (defined below).

1.     The Class Administrator will be responsible for mailing the approved class action notice, receiving and processing opt-out requests, and mailing settlement checks to the Class Members. Defendant will provide the names and last-known addresses of all Class Members to the Class Administrator, in a Microsoft Excel spreadsheet or some other editable format, within five days of the filing of Plaintiff's unopposed motion for preliminary approval of class action settlement.

2.     The Class Administrator will, as expeditiously as possible but not to exceed 21 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement, provide notice of the settlement to the Class Members as follows:

3.     Written Class Notice – The Class Administrator will send via first class U.S. mail written notice of the settlement to each Class Member at his or her last known valid address, address correction requested, as provided by Defendant. Addresses will be checked through the National Change of Address ("NCOA") database prior to mailing.  Before sending the written notice, the Class Administrator will confirm and, if necessary, update the addresses for the Class Members through the standard methodology it currently uses to update addresses. If any notice is returned with a new address, the Class Administrator will re-mail the notice to the new address within 7 days and will update the Class Member address list with all forwarding addresses. If any notice is returned undeliverable without a new address, the notice will be resent a final time to the last address appearing on the court docket in the Class Member's case within 7 days, if that address

was not previously attempted. The written notice to the Class Members will be in substantially the form attached as <u>Exhibit C</u>. A website notice, which will be posted on Class Counsel's website, www.edcombs.com, will be in substantially the form attached as <u>Exhibit D</u>.

    4.      CAFA Notice – Defendant will serve the CAFA notice required by 28 U.S.C. § 1715, within 10 days of the filing of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement.

G.      REQUESTS FOR EXCLUSION AND OBJECTIONS – The Class Administrator will administer the receipt of any and all requests for exclusion.

    1.      Any Class Member who desires to be excluded from the class must send a written request for exclusion to the Class Administrator with a postmark date no later than 60 days after the Court's entry of the Order of Preliminary Approval of Class Action Settlement. After that deadline passes, the Class Administrator will provide to Class Counsel and Defendant's counsel a list of the names of each Class Member who submitted a timely exclusion. A copy of this list will be provided to the Court in connection with Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement.

    2.      In the written request for exclusion, the Class Member must—subject to the Court's approval—set forth his or her full name, address, telephone number, and email address (if available), along with a statement that he or she wishes to be excluded from the settlement in this Lawsuit, and must sign said request for exclusion.

    3.      Any Class Member who submits a valid and timely request for exclusion will not be bound by the terms of this Agreement. Any Class Member who fails to submit a valid and timely request for exclusion will be bound by the terms of this Agreement.

    4.      Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 60 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel and Counsel for Defendant via U.S. Mail.

    5.      In the written objection, the objecting Class Member must—subject to the Court's approval—state his or her full name, address, telephone number, and email address (if available); state the reasons for his or her objection to the settlement in this Lawsuit; state the name, address, bar number and telephone number of his or her counsel, if represented by an attorney; attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Class Member; and state whether he or she intends to appear at the settlement approval hearing on his or her own behalf or through counsel.

    6.      Any Class Member who does not file a valid and timely objection to the settlement will be barred from seeking review of the settlement by appeal or otherwise. Any Class Member who submits both an objection and an exclusion will be treated as having submitted an exclusion

and will be excluded from the class. When responding to any inquiry from a Class Member, Plaintiff and Class Counsel will confirm that they believe the settlement is fair and reasonable.

7.      Under Rule 23(c)(2)(B)(iv) of the Federal Rules of Civil Procedure, the Class Members will be notified that they may enter an appearance through an attorney at their own expense if the member so desires.

H.      RELEASES

1.      Release by Plaintiff. As consideration for this Agreement, as of the Effective Date, Plaintiff releases and forever discharges as of the Effective Date the Released Parties from the Released Claims.

2.      This release does not limit or foreclose any defenses Plaintiff may have regarding the underlying debt Defendant sought to collect from her.

3.      Release.  Plaintiff and each Participating Class Member releases and forever discharges, as of the Effective Date, the Released Parties from the Released Claims.

I.      SETTLEMENT CONSIDERATION – In consideration for the foregoing releases, the Parties agree to the following:

1.      Settlement Fund – Defendant, in consultation with the Class Administrator, will establish a non-reversionary settlement fund of forty thousand dollars ($40,000.00) ("Settlement Fund") within 7 days of Final Order Day.

2.      Within 21 days of the Final Order Day, the Class Administrator will send via U.S. mail a settlement check for a pro rata share of the Settlement Fund to each Participating Class Member. Defendant's obligations pursuant to this paragraph will be considered fulfilled upon the mailing of the settlement checks, regardless of whether any settlement check is received, returned, or cashed, except that the Class Administrator will be obligated to take reasonable steps to  forward all settlement checks returned with a forwarding address, to such forwarding addresses. Each settlement check will be void 90 days after mailing.

3.      To the extent that any funds remain in the Settlement Fund after the void date (from uncashed checks or otherwise), such funds will be paid to Indiana Legal Services as a cy pres recipient.  Any cy pres payment will be made by the Settlement Administrator 30 days after expiration of the void date on  Class Members' checks.

4.      Payment to Plaintiff – Separate and apart from the Settlement Fund, Defendant will pay $900 to Plaintiff ("Payment to Plaintiff") within 7 days of the Final Order Day for her statutory damages, and for serving as a class representative.  This amount is subject to court approval and is in addition to the Settlement Fund, and any awarded attorney's fees and costs.

5.      Attorneys' Fees, Expenses, and Costs of Class Counsel – Plaintiff is the prevailing party under Fed. R. Civ. P. 23(h) and 15 U.S.C. § 1692k(a)(3) as to Defendant Javitch. Defendant

shall not oppose Plaintiff's application to the Court for up to forty thousand dollars ($40,000.00) for Class Counsel's fees and litigation expenses (excluding the costs and fees of the Settlement Administrator), which are separate and apart from the Settlement Fund, for time class counsel allocated to the claims against Defendant Javitch. Prior to the objection and exclusion deadline, Plaintiff will file a motion for attorneys' fees, expenses, and costs in the amount of $40,000. Any attorneys' fees, expenses, and costs awarded to Plaintiff by the Court (the "Attorneys' Fees, Expenses, and Costs of Class Counsel") will be paid by Defendant separate and apart from the Settlement Fund, Costs of Settlement Administration (defined below), and Payment to Plaintiff.

6.      Defendant will forward to Class Counsel payment of Attorneys' Fees, Expenses, and Costs of Class Counsel no later than 7 days after the date that the order approving them becomes final. The order awarding Attorneys' Fees, Expenses, and Costs of Class Counsel becomes final upon the expiration of any available appeal period following entry of said order, or, if an appeal is taken from the order, the conclusion of any such appeal. Upon payment of Attorneys' Fees, Expenses, and Costs of Class Counsel, the Released Parties will have no further obligation with respect to  Class Counsel's attorney's fees, costs, and expenses, or the attorneys' fees, costs, or expenses of any other attorney on behalf of Plaintiff or any Participating Class Member. This Agreement is not contingent on the Court awarding any specific amount of attorneys' fees, costs and expenses to Class Counsel.

7.      Costs of Settlement Administration – Separate from the Settlement Fund, Payment to Plaintiff, and the Attorneys' Fees, Expenses, and Costs of Class Counsel, Defendant will be responsible for paying all costs of class notice and administration of the settlement ("Costs of Settlement Administration").

8.      Cease Collection on Great Seneca Company judgments.  Defendant agrees to cease collecting the Great Seneca Company judgments that are pending in any stage, whether pre-collection, collection, or post-judgment, in court or arbitration, against any Class Members. Defendant will implement this relief within 60 days of the Final Order Day.

J.      COVENANT NOT TO SUE – Plaintiff agrees and covenants, and each Participating Class Member will be deemed to have agreed and covenanted, not to sue any of the Released Parties with respect to any of the Released Claims and will not obtain FDCPA statutory damages from Palisades Collection, LLC, or Palisades Acquisition, XVI, LLC for the acts of Defendant Javitch.

K.      TERMINATION – Only after attempting and completing good-faith negotiations to salvage the settlement, Plaintiff and Defendant will each have the right to terminate this Agreement if one of the following occurs:

1.      The Court refuses to preliminarily approve the settlement; or

2.      The Court refuses to approve the settlement following notice to the Class Members and the final fairness hearing.

3.      Written notice of termination must be provided to the other party within 7 days of the above event forming the basis of the termination. If either Plaintiff or Defendant terminates

this Agreement as provided in this paragraph, the Agreement will be of no force and effect, and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if this Agreement had never been executed.

      4.     The procedure for, and the allowance or disallowance by the Court of, any applications by Plaintiff or Class Counsel for Attorneys' Fees, Expenses, and Costs of Class Counsel are not part of the settlement set forth herein and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth herein. Any order regarding an application for attorneys' fees, costs, and expenses will not operate to terminate or cancel this settlement, or affect the finality of the settlement of this matter.

L.     MISCELLANEOUS PROVISIONS – Any exhibits to this Agreement are an integral part of the settlement and are expressly incorporated herein as part of this Agreement.

      1.     This Agreement is for settlement purposes only. The Parties acknowledge that this Agreement is not an admission of wrongdoing or liability by Defendant or any of the Released Parties. Defendant expressly denies any liability whatsoever to Plaintiff or the Class Members.

      2.     No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

      3.     This Agreement contains the entire agreement between the Parties and supersedes any and all other agreements between the Parties. The terms of this Agreement are contractual.

      4.     This Agreement is to be interpreted in accordance with Indiana law.

      5.     Any dispute, challenge, or question relating to this Agreement is to be heard only by this Court. However, should this Court determine that it lacks jurisdiction over Plaintiff's claims, the Parties will consummate their settlement in Indiana state court.

      6.     The Parties agree that this Court has subject matter jurisdiction over the claims at issue, that Plaintiff and Class Members have Article III standing to assert their claims in this Court, and will request that the Court retain continuing and exclusive jurisdiction over the Parties to this Agreement, and over the administration and enforcement of this Agreement.

      7.     This Agreement will be binding upon and inure to the benefit of the Parties and their representatives, heirs, successors, and assigns. In the event that any material provisions of this Agreement are held invalid or unenforceable for any reason, such invalidity or unenforceability will not affect other provisions of this Agreement, if Plaintiff and Defendant mutually elect to proceed as if the invalid or unenforceable provision had never been included in the Agreement. This Agreement is deemed to have been drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement will be construed or interpreted against any party because such provision, or this Agreement as a whole, was purportedly prepared or requested by such party.  This Agreement may be signed in counterparts, and by electronic, scanned and/or facsimile signatures. The separate signature pages executed by

the Parties and their counsel may be combined to create a document binding on all the Parties and together constitutes one and the same instrument.

8.      The Parties understand that this Agreement is a public document that will be filed with the Court for its review and approval.

9.      Notices/Communications – All notices, requests, demands, claims and other communications hereunder must be: (a) in writing; (b) delivered by U.S. Mail and email; (c) deemed to have been duly given on the latest date of receipt of U.S. Mail and email; and (d) addressed to the intended recipients as set forth below:

If to Plaintiff or the Class:
Daniel A. Edelman
Heather Kolbus

EDELMAN COMBS LATTURNER & GOODWIN LLC
20 S. Clark Street, Suite 1800
Chicago, IL 60603-1841
(312) 739-4200
Fax: (312) 419-0379
Email: courtecl@edcombs.com

Keith R. Hagan
Steven R. Hofer
HOFER HAGAN LLP
8888 Keystone Crossing
Suite 1300
Indianapolis, IN 46240
(317) 531-4575
Fax: (317) 300-7189
Email: hoferlawindy@gmail.com, keith@hlocl.com


If to Defendant:
David M. Schultz
HINSHAW & CULBERTSON
151 North Franklin Street
Suite 2500
Chicago, IL 60606
(312) 704-3000
Fax: (312) 704-3001
Email: dschultz@hinshawlaw.com

Jennifer Jay Kalas
HINSHAW & CULBERTSON

322 Indianapolis Boulevard
Suite 201
Schererville, IN 46375
(219) 864-5051
Fax: (219) 864-5052
Email: jkalas@hinshawlaw.com

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed:

Dated: November 13, 2024

_____
Plaintiff Dawn Beutel-Zachery

_Heather Kolbus_
_____
Daniel A. Edelman
Heather Kolbus
EDELMAN COMBS LATTURNER &
GOODWIN LLC
20 S. Clark Street, Suite 1800
Chicago, IL 60603-1824
(312) 739-4200
Fax: (312) 419-0379
Email: courtecl@edcombs.com

s/ Keith R. Hagan
_____
Keith R. Hagan
Steven R. Hofer
HOFER HAGAN LLP
8888 Keystone Crossing
Suite 1300
Indianapolis, IN 46240
(317) 531-4575
Fax: (317) 300-7189
Email: hoferlawindy@gmail.com, keith@hlocl.com

_____

Name/Title: _____
On behalf of Defendant Javitch Block, LLC

322 Indianapolis Boulevard
Suite 201
Schererville, IN 46375
(219) 864-5051
Fax: (219) 864-5052
Email: jkalas@hinshawlaw.com

       IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed:

Dated: _____, 2024

_____
Plaintiff Dawn Beutel-Zachery

_____
Daniel A. Edelman
Heather Kolbus
EDELMAN COMBS LATTURNER &
GOODWIN LLC
20 S. Clark Street, Suite 1800
Chicago, IL 60603-1824
(312) 739-4200
Fax: (312) 419-0379
Email: courtecl@edcombs.com

_____
Keith R. Hagan
Steven R. Hofer
HOFER HAGAN LLP
8888 Keystone Crossing
Suite 1300
Indianapolis, IN 46240
(317) 531-4575
Fax: (317) 300-7189
Email: hoferlawindy@gmail.com, keith@hlocl.com

_____
Name/Title: __James Oh, Member_____
On behalf of Defendant Javitch Block, LLC

_____
David M. Schultz
HINSHAW & CULBERTSON
151 North Franklin Street, Suite 2500
Chicago, IL 60606
(312) 704-3000
Fax: (312) 704-3001
Email: dschultz@hinshawlaw.com

Jennifer Jay Kalas
HINSHAW & CULBERTSON
322 Indianapolis Boulevard, Suite 201
Schererville, IN 46375
(219) 864-5051
Fax: (219) 864-5052
Email: jkalas@hinshawlaw.com

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| Dawn Zachery, on behalf of Plaintiff and the class members described herein, | ) CASE NO. 1:22-cv-2261-JRS-MKK |
| | ) |
| | ) JUDGE: James R. Sweeney II |
| Plaintiff, | ) |
| | ) MAGISTRATE JUDGE: M. Kendra Klump |
| v. | ) |
| | ) |
| Javitch Block LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**PRELIMINARY APPROVAL ORDER**

The Court, having considered Plaintiff's Unopposed Motion and Memorandum in Support of Preliminary Approval of Class Settlement and Plaintiff's Preliminary Notice of Attorney's Fees in Support of Motion for Preliminary Approval of Class Settlement, hereby preliminarily approves the Class Settlement Agreement (the "Agreement") between Plaintiff Dawn Beutel-Zachery ("Plaintiff"), individually and as representative of the Class, and Defendant Javitch Block, LLC ("Javitch") and finds as follows:

1.     The Court has jurisdiction over the subject matter of the Litigation and, for purposes of the Agreement only, has personal jurisdiction over Plaintiff, Javitch, and the Class Members.

2.     The proposed Agreement has been negotiated in good faith at arm's length, and is preliminarily determined to be fair, reasonable, adequate and in the best interests of the Class (defined below).

3.     The terms of the Agreement are reasonable, adequate, fair, and are hereby approved by the Court, subject to the final approval hearing described below.

4.      The following class (the "Class") is hereby certified for settlement purposes only by the Court and are subject to the terms of the Agreement:

> **Class**: The class consists of (a) all natural persons (b) against whom one of the Great Seneca Companies obtained a judgment on a debt; (c) who were subjected to Collection Activities on such judgment, (d) by Javitch Block, LLC acting on behalf of Palisades Acquisition, XVI, LLC or Palisades Collections, LLC; (e) on or after October 20, 2021.
>
> The Great Seneca Companies are defined to include: (i) Centurion Capital Corp., (ii) Colonial Credit Corp., (iii) Great Seneca Financial Corp., (iv) Hawker Financial Corp. (v) Monarch Capital Corp., (vi) Platinum Financial Services Corp., (vii) Sage Financial, Ltd.
>
> Collection Activities means (i) a written validation notice (required by 15 U.S.C. 1692g) mailed to the consumer, or (ii) the consumer was called by Javitch regarding the debt; or (iii) the filing and or service of an appearance of counsel, interrogatories, motion for proceedings supplemental, a garnishment, or motion to substitute.

The Court makes a preliminary finding that this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b). The Class as defined in the Settlement Agreement is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Class Members, the claims of the Class Representative are typical of the claims of the Class; and the Class Representative and Class Counsel will fairly and adequately protect the interests of the Class. Questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.      For settlement purposes only, and in accordance with Fed. R. Civ. P. 23, the Court preliminarily appoints the named-Plaintiff, Dawn Beutel-Zachery, as the Class Representative, and finds that she meets the requirements of Fed. R. Civ. P. 23.  The Court also preliminarily appoints counsel for Plaintiff, Edelman, Combs, Latturner & Goodwin, LLC and Hoger Hagan, LLP, as Class Counsel. This Court preliminarily finds that Class Counsel have, and will continue to, fairly

and adequately represent the interests of the Class Members. Plaintiff and Class Counsel, on behalf of the Class Members, are authorized to take all appropriate action required or permitted to be taken by the Agreement to effectuate its terms.

6.      For settlement purposes only, the Court preliminarily finds that settlement of the Litigation on the terms and conditions set forth in the Agreement, preliminarily appears in all respects fair, reasonable, adequate and in the best interest of the Class Members and within the range of possible approval, especially in light of the complexity, expense, and probable duration of further litigation, the risk and delay inherent in possible appeals, and the limited amount of any potential total recovery for the class.  This finding is subject to further consideration at the Final Approval Hearing.

7.      The Court approves the parties' proposed class notice and directs it be mailed to the last known address of the Class Members reflected in Javitch's records on or before DATE, 2024. The settlement administrator shall distribute the notice by letter via First Class U.S. Mail.  Each notice shall be sent with a request for forwarding addresses.  Before mailing the notice required by this paragraph, the settlement administrator will obtain updated addresses for the Class Members through the National Change of Address ("NCOA") database. In the event that a notice is returned as undeliverable and a forwarding address is provided, the settlement administrator shall cause to be forwarded any such returned notice to the address provided within seven days of receipt. In the event that a notice is returned as undeliverable and a forwarding address is not provided, the notice will be resent a final time to the last address appearing on the court docket in the Class Member's case within 7 days, if that address was not previously attempted.  Class Counsel will also post the class notice on their firm's website, www.edcombs.com.

8.      The Court finds that mailing of class notice and publication of the notice on www.edcombs.com are the only forms of notice required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23(c)(2)(B).

9.      Class Members have until DATE, 2025 to request to be excluded or object to the Agreement.  A request for exclusion must be in writing and state "I hereby wish to exclude myself from the settlement in *Zachery v. Javitch Block, LLC, et al.,* Case No.  22-cv-2261-JRS-MKK (S.D. Ind.)." The request must also include the name, address, phone number, email address (if available) and signature of the person(s) or entity seeking exclusion.  The request must be mailed to the settlement administrator at the address provided in the class notice.  A request for exclusion that does not include all of the foregoing information, that is sent to an address other than the one designated in the class notice, or that is not postmarked by the time specified shall be invalid and the person(s) serving such request shall remain a class member and shall be bound as a class member by the Agreement, if approved.  The settlement administrator shall forward copies of all requests for exclusion to counsel for the parties no later than seven days after the deadline for Class Members to submit such requests.

10.      Class Counsel shall file a fee petition requesting an award of attorneys' fees and costs no greater than $40,000.00. Class Counsel shall file said fee petition by DATE, 2024 which the Court shall rule on at the final approval hearing.

11.      On DATE, 2024, Javitch, through a settlement administrator, must file a declaration certifying that the notice has been mailed by First Class U.S. Mail to the Class Members as directed in this Order.

12.      A final approval hearing on the fairness, adequacy, and reasonableness of the Agreement and whether final approval shall be given to it, including Class Counsel's petition for

attorney's fees and expenses, will be held on DATE, 2025 at TIME in the courtroom of the Honorable Judge James R. Sweeney II, District Judge, 5400 Federal Plaza, Indianapolis, Indiana 46320 or by telephone at DIAL-IN information.

13.    Javitch shall file a notice that it has complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b) by DATE, 2025.

14.    Any Class Member who does not timely opt-out of the Agreement may appear at the final approval hearing to argue that the proposed Agreement should not be approved. All written objection papers must be mailed to the Clerk of the Court, as set forth in the notice, served on Counsel for the parties, and postmarked no later than DATE, 2025. For an objection to be valid, it must be in writing and must contain the following:

      i.    the objecting Class Member's name address, phone number, and email address (if applicable);

      ii.    the name and number of the case: *Zachery v. Javitch Block, LLC, et al.,* Case No. 22-cv-2261-JRS-MKK (S.D. Ind.);

      iii.    the factual basis or legal grounds for the objection; and

      iv.    documents, if any, to support the objection.

15.    To the extent necessary or desired, the parties may respond to any objections seven (7) days before the final approval hearing. There shall be no replies from objectors.

16.    All papers in support of Final Approval of the Agreement shall be filed no later than DATE, 2025.

17.    The settlement administrator is Class-Settlement.com.

18.    The settlement administrator or Class Counsel shall file with the Court a list of persons seeking exclusion from the Agreement by DATE, 2025.

**SO ORDERED.**

_____
**Honorable James R. Sweeney II**
U.S. DISTRICT JUDGE

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Dawn Zachery, on behalf of Plaintiff and the class members described herein, | ) ) ) | CASE NO. 1:22-cv-2261-JRS-MKK |
| | ) | JUDGE: James R. Sweeney II |
| Plaintiff, | ) ) | MAGISTRATE JUDGE: M. Kendra Klump |
| v. | ) ) | |
| Javitch Block LLC, et al., | ) ) | |
| Defendants. | ) | |

## FINAL APPROVAL ORDER

This Court, upon a hearing held on DATE, 2024, of which notice was given in line with this Court's prior order preliminarily approving a proposed class settlement (*Dkt. No. ##*), with counsel for Plaintiff Dawn Beutel-Zachery ("Plaintiff") and counsel for Defendant Javitch Block, LLC ("Javitch") noting that the parties dispute the claims on the merits and concede  no arguments in support of their positions but have, nevertheless, agreed to settle their claims,  and now being fully advised –

(1)    On DATE, 2024, this Court entered an order granting preliminary approval of  the settlement between Plaintiff and Javitch.

(2)    The Court approved a form of notice for mailing to the class. The Court is informed that actual notice was sent by first class mail to (237) Class Members  by Class-Settlement.com, settlement administrator. A total of ### envelopes were returned by  the United States Postal Service, ## of which were returned with forwarding addresses or addresses were identified using skip-tracing and re-mailed.  Class notice was also posted on www.edcombs.com. [ No] class members requested exclusion, and [no] objections were filed or received.

(3)      On DATE, 2025, the Court held a fairness hearing to which class members, including any with objections, were invited. [No] class members objected or requested exclusion from the settlement. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. [No] persons appeared in Court, [or called into the telephonic hearing,] seeking to address the proposed settlement. Having considered the parties' Settlement  Agreement, Plaintiff's Fee Petition, Plaintiff's Preliminary Notice of Attorney's Fees in Support of Motion for Preliminary Approval of Class Settlement, Joint Motion and Memorandum in Support of Final Approval of the   Settlement and all other evidence submitted, and good cause having been shown,

**IT IS HEREBY ORDERED THAT:**

1.      This Court has jurisdiction over Plaintiff, Javitch, Class Members and the claims asserted in the Litigation.

2.      The Settlement Agreement was entered into in good faith, following arm's length negotiations and is non-collusive.

3.      The Court grants final approval of the Settlement, including but not limited to the releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all Class Members who have not opted out are bound by this Final Approval Order and the Agreement.

4.      The Court finds that provisions for notice to the class satisfy the requirements of Fed. R. Civ. P. 23 and due process.

5.      The previously certified class is now finally certified for purposes of settlement pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

The class consists of (a) all natural persons (b) against whom one of the Great Seneca Companies obtained a judgment on a debt; (c) who were subjected to Collection Activities on such judgment, (d) by Javitch Block, LLC acting on behalf of Palisades Acquisition, XVI, LLC or Palisades Collection, LLC, (e) on or after October 20, 2021.

The "Great Seneca Companies" are defined to include: (i) Centurion Capital Corp., (ii) Colonial Credit Corp., (iii) Great Seneca Financial Corp., (iv) Hawker Financial Corp., (v) Monarch Capital Corp., (vi) Platinum Financial Services Corp., (vii) Sage Financial Ltd.

"Collection Activities" means: (i) a written validation notice (required by 15 U.S.C. § 1692g) mailed to the consumer; or (ii) the consumer was called by Javitch regarding the debt; or (iii) the filing and or service of an appearance of counsel, interrogatories, motion for proceedings supplemental, a garnishment, or motion to substitute.

6.    The Court finds that certification solely for purposes of settlement is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3) in that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Edelman, Combs, Latturner & Goodwin, LLC and Hofer Hagan LLP are adequate class counsel and Dawn Beutel-Zachery is an adequate class representative; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

7.    Dawn Beutel-Zachery is designated as a representative of the Class.

8.    Edelman, Combs, Latturner & Goodwin, LLC and Hofer Hagan LLP are appointed as class counsel.

9.    The settlement administrator is Class-Settlement.com.

10.    The Class Notice was given to the proper federal and state authorities under the Class Action Fairness Act (28 U.S.C. §1715) in a timely way.

3

11.     The Class Notice (as described in the Settlement Agreement) previously approved and directed by the Court constitutes the best notice practicable under the circumstances and fully satisfied due process, the requirements of Rule 23, and all other applicable laws. The Court has approved the forms of notice to the Class Members.

12.     A full and fair opportunity has been afforded to the class members to opt out, object to, and to participate in the hearing convened to determine whether the settlement should be given final approval.   None of the Class Members have requested to opt out of the Settlement.

13.     No Class Members have objected to the Settlement.

14.     All members of the class who did not timely opt out of the settlement are bound by this Order.

15.     As of the Effective Date, Plaintiff and each Class Member shall be deemed to have granted the releases set forth in the Settlement Agreement.

16.     The Court orders Javitch to deliver the Settlement to the settlement administrator consistent with the terms of the Settlement Agreement.

17.     The Court has considered Class Counsel's application for attorney's fees. The Court awards Class Counsel the sum of $$$.00 as an award of attorney's fees and costs to be paid within 7 days of the Final Order Day, and finds this amount of fees is fair and reasonable. The amount of attorney's fees and costs is separate from the Settlement Fund.

18.     The Court grants Class Counsel's request for an incentive award to the class representative and awards $$$.00 to Dawn Beutel-Zachery. The Court finds that this payment is justified by the Class Representative's service to the Settlement Class. This payment shall be made within 7 days of the Final Order Day and is separate from the Settlement Fund.

4

19.     The Settlement Administrator shall distribute the Settlement Fund to the Class Members in accordance with the provisions of this Order and the parties' Settlement Agreement, within twenty-one (21) days following the Final Order Day as more fully set forth in the Settlement Agreement.

20.     Within 60 days of the entry of the Final Order Day, Javitch agrees to cease collecting on the Great Seneca Company judgments that are pending in any state, whether pre-collection, collection, or post-judgment, or in court or arbitration, against any Class Members.

21.     The Settlement Administrator shall make the *cy pres* payment to Indiana Legal Services, Inc. 30 days after expiration of the void date on the Class Members' checks.

22.     The Settlement Administrator and Javitch shall file a declaration of final accounting of the settlement, including administration of the equitable relief identified in paragraph 20, by DATE, 2024.

23.     The settlement provides fair, adequate, and reasonable relief to class members.

24.     The parties shall carry out their respective obligations under the Agreement and as  ordered herein.

25.     A hearing on the final accounting of the settlement and for entry of a dismissal order is set for  [DATE] at TIME.

**SO ORDERED.**

_____
**Honorable James R. Sweeney II**
U.S. DISTRICT JUDGE

# **EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

# If one of the Great Seneca Companies obtained a judgment on a debt against you and you were subjected to Collection Activities on such judgment by Javitch Block, LLC acting on behalf of Palisades Acquisition, XVI, LLC or Palisades Collection, LLC, you may benefit from this class action settlement.

This case is entitled *Dawn Beutel-Zachery v. Javitch Block, LLC, et al.,* Case No. 22-cv-2261-JRS-MKK and it is pending in the United States District Court for the Southern District of Indiana, Indianapolis Division.

*This is not a solicitation from a lawyer.*

THIS IS A NOTICE OF A SETTLEMENT OF A CLASS ACTION LAWSUIT.
THIS IS <u>NOT</u> A NOTICE OF A LAWSUIT AGAINST YOU.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT BY DATE, 2025** | You will receive no benefits, but you will retain your legal claims against the defendants. |
| **OBJECT BY DATE, 2025** | Write to the Court objecting to the settlement. You may also appear at the fairness hearing. Additionally, any other counsels retained by Class Members should enter appearances by **DATE, 2025** |
| **DO NOTHING** | By doing nothing, you will remain in the Class and be bound by the terms of the settlement. If your class notice is not returned as undeliverable, and you do not opt out, you will receive a pro rata share of the Settlement Fund. |
| **GO TO A HEARING ON DATE, 2025 at TIME a.m.** | Ask to speak in Court about the fairness of the settlement |

1. **Why did I get this notice?**

   You are receiving this notice because you were identified as a person against whom one of the Great Seneca Companies obtained a judgment on a debt, who were subjected to Collection Activities on such judgment by Javitch Block, LLC acting on behalf of Palisades Acquisition, XVI, LLC or Palisades Collection, LLC, on or after October 20, 2021. You are receiving this notice to inform you that the parties entered into a Class Settlement Agreement to resolve this Litigation, which the Court preliminarily approved.

2. **What is the lawsuit about?**

   Plaintiff Dawn Beutel-Zachery ("Plaintiff"), filed a class action complaint against Javitch Block, LLC, Palisades Collection, LLC and Palisades Acquisition, XVI, LLC. Plaintiff alleged putative class claims against Javitch Block, LLC ("Javitch") and asserted claims that Javitch violated the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §1692 et seq., Wrongful Legal Proceedings, and common law fraud. Javitch denies these allegations and denies that it violated the law. Plaintiff settled her claims against Palisades Collection, LLC and Palisades Acquisition, XVI, LLC [describe relief after filing preliminary approval motion].

3. **Why is this a class action?**

   In a class action, one or more people called class representatives (in this case, Plaintiff Dawn Beutel-Zachery) sue on behalf of a group or class of people who have similar claims.

4. **Why is there a settlement?**

To avoid the cost, risk, and delay of litigation, the parties reached an agreement to resolve this litigation.

5. **How do I know if I am a part of the settlement?**

For settlement purposes, the Court has certified a class that includes all people who meet the following definition:

(a) all natural persons (b) against whom one of the Great Seneca Companies obtained a judgment on a debt, (c) who were subjected to Collection Activities on such judgment; (d) by Javitch Block, LLC acting on behalf of Palisades Acquisition XVI, LLC or Palisades Collection, LLC (e) on or after October 20, 2021.

The Great Seneca Companies include: Centurion Capital Corp., Colonial Credit Corp., Great Seneca Financial Corp., Hawker Financial Corp., Monarch Capital Corp., Platinum Financial Services, Corp., and Sage Financial, Ltd.

Collection Activities means: (i) a written validation notice (required by 15 U.S.C. § 1692g) mailed to the consumer, or (ii) the consumer was called by Javitch regarding the debt; or (iii) the filing or service of an appearance of counsel, interrogatories, motion for proceedings supplemental, a garnishment, or motion to substitute.

*According to Javitch's  records, you are a class member and therefore eligible to recover a portion of the settlement as described below in the answer to Question 6.*

**YOUR BENEFITS UNDER THE SETTLEMENT**

6. **What can I get from the settlement?**

If you do not opt out of the settlement and this class notice is not returned as undeliverable, you may recover an equal share of the $40,000.00, which is the amount Javitch agreed to pay to Class Members to settle this case ("Cash Benefit"). If all 237 Class Members do not opt out and whose class notice is not returned as undeliverable, which based on Class Counsel's experience is highly unlikely, you would receive approximately $168.00.  If, for example, five percent of Class Members' notice is returned as undeliverable (about 12 people), you would receive approximately $177.00.  If, for example, ten percent of the Class Members' notice is returned as undeliverable (about 24 people), you would receive approximately $187.00. Plaintiff's counsel believes that it is likely that between 5% and 10% of Class Members' notices will be returned as undeliverable.  Plaintiff's counsel also believes that zero or 1% of the Class Members may opt out to the settlement.  Therefore, Plaintiff's counsel anticipates each Class Member who does not opt out and whose notice is not returned as undeliverable may recover between approximately $168 to $187.  No Class Member is eligible to receive more than one check for their share of the Settlement Fund.  In addition to the Cash Benefit described above, Javitch also agrees to cease collecting on the Great Seneca Company judgments that are pending in any stage, whether pre-collection, collection, or post-judgment, in court or arbitration, against any Class Members ("Equitable Benefit").

7. **When will I receive these benefits?**

You will receive the Cash Benefit approximately 60 days after the Court enters a Final Approval Order.  You will receive the Equitable Benefit approximately 90 days after the Court enters a Final Approval Order.  This estimation is premised on the assumption that no objections are received.

8. **I want to be a part of the settlement and receive these benefits.  What do I do?**

You do not have to do anything to receive a Cash Benefit and Equitable Benefit.  You cannot opt out of the settlement and receive benefits from the Settlement.

9. **What am I giving up to receive these benefits?**

If you are a member of the class, you designate the class representative as your agent to make decisions on your behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.  If you are a member of this class, you are giving the class representative and class counsel the authority to negotiate and accept a settlement of your claims in this matter, subject to objections and the Court's final approval.  These decisions and agreements made and entered into by the representative plaintiff will be binding on you if you are a member of this class.  If you desire, you may also retain a lawyer of your choice and have that lawyer enter an appearance in this case, at your own cost.  For a complete statement of all the contentions, proceedings, and settlement terms in this case, you should consult the filings regarding this lawsuit, which are available for your inspection at the Clerk of the United States District Court for the Southern District of Indiana, Indianapolis Division, Birch Bayh Federal Building & U.S. Courthouse, 46 East Ohio Street, Indianapolis, Indiana 46240. You may also contact the Clerk's office at (317) 229-3700.

10. **How much will the Class Representative receive?**

Plaintiff, Dawn Beutel-Zachery, will receive a payment, which shall consist of any alleged damages she suffered and an incentive award for bringing this case on behalf of the Class and for acting as the Class's representative. Plaintiff requests $900.00. The Court must approve Plaintiff's requested relief.

## CLASS COUNSEL'S VIEW OF THE SETTLEMENT

**11.  Is this a fair settlement?**

The claims asserted on behalf of the Class against Javitch brought pursuant to the FDCPA, wrongful legal proceedings and fraud. The FDCPA is a federal statute which provides for both individual actions and class actions. In an individual action, the person bringing the suit may recover (i) any actual damages sustained as a result of the alleged violations; and (ii) statutory damages of between $0 and $1,000.00. In a class action, the maximum possible recovery is (i) any actual damages sustained as a result of the alleged violation by the class members and (ii) up to 1% of the Defendant's net worth.

Plaintiff's wrongful legal proceedings claim provides for actual damages, punitive damages and costs of suit. Plaintiff's fraud claim provides for compensatory damages, punitive damages and costs of suit. In a class action, the amount of actual and compensatory damages may vary. Punitive damages also vary in class action cases, and are less frequently awarded by a court. Costs of suit are certain costs incurred by Plaintiff's counsel to prosecute the claims on behalf of Plaintiff and the Class.

Based on this, and the facts of this case, Class Counsel believes that the settlement reached in this matter is a fair and reasonable settlement. The settlement allows for each Class Member who does not opt out to receive a pro rata share of $40,000.00, plus equitable relief. The settlement also provides that Javitch agrees to cease collecting on the Great Seneca Company judgments that are pending in any stage, whether pre-collection, collection, or post-judgment, in court or arbitration, against any Class Members.

**12.  What are the Defendants' views of the settlement?**

By settling this Litigation, Javitch is not admitting that it did anything wrong. Javitch expressly denies the claims and damages asserted by Plaintiff and deny all allegations of wrongdoing and liability.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to receive the benefits of the settlement, but you want to keep your legal claims against Javitch, then you must take steps to exclude yourself from this settlement.

**13.  How do I get out of the settlement?**

To exclude yourself from the settlement, you must send a letter which states:

> "I hereby wish to exclude myself from the settlement in *Zachery v. Javitch Block, LLC, et al.,* Case No. 22-cv-2261-JRS-MKK (S.D. Ind.)."

You must include your name, address, telephone number, email address (if available) and signature. You must mail your exclusion request so that it is postmarked **no later than DATE, 2025**, to:

> Zachery v. Javitch Block, LLC SETTLEMENT ADMINISTRATOR

**14.  If I exclude myself, do I still receive benefits from this settlement?**

No, you will not receive anything resulting from this settlement. But, you may have the right to sue or be part of a different lawsuit against Javitch Block, LLC over the claims raised in the Litigation. Exclusion requests must be postmarked by **DATE, 2025**.

## THE LAWYERS REPRESENTING YOU

**15.  Do I have a lawyer in this case?**

The Court has named the law firms of Edelman, Combs, Latturner & Goodwin, LLC and Hofer Hagan, LLP as Class Counsel. You will not be charged for these lawyers. However, they will receive a payment from Javitch in an amount to be determined by and approved by the Court. If you want to be represented by your own lawyer, particularly if you wish to object to the settlement, you may hire one at your own expense. If you choose to hire your own lawyer, he or she must file an appearance by **DATE, 2025**.

**16.  How will the lawyers be paid?**

Class Counsel, Edelman, Combs, Latturner & Goodwin, LLC and Hofer Hagan, LLP, will petition the Court for an approval of reasonable attorneys' fees and costs incurred with respect to Plaintiff's and the Class's claims. Plaintiff's counsel filed a Preliminary Notice of Attorney's Fees in Support of Motion for Preliminary Approval of Class Settlement. (*Dkt. No. ##*) A copy of the filing is available on [identify website] or at the Clerk's Office at United States District Court for the Southern District of Indiana, Indianapolis Division. Birch Bayh Federal Building & U.S. Courthouse, 46 East Ohio Street, Indianapolis, IN 46204. Pending the Court's approval, Javitch will pay class counsel that amount which the Court deems reasonable. Class counsel will request $40,000.00 in attorneys' fees and costs. Javitch shall pay those fees and costs that the Court deems reasonable up to $40,000.00.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

**17. How do I tell the Court that I do not like the Settlement?**

If you are a Class Member, you can object to the settlement. In order to object to the settlement or any part of the settlement, you must send a letter stating that you object and the reasons why you think the Court should not approve the settlement. The objections must be filed by **DATE, 2025**. You must include the case name and number, which is *Zachery v. Javitch Block, LLC, et al.,* Case No. 22-cv-2261-JRS-MKK (S.D. Ind.). You must also include your name, address, telephone number, and email address (if applicable). You must include the factual and legal grounds for the objection and documents, if any, to support the objection. If you are objecting to the settlement, you may also appear at the fairness hearing.

| You must mail your objection so that it is postmarked no later than **DATE, 2025** to: | You must also send a copy of your objection to **these attorneys**: | |
|---|---|---|
| Clerk of the United States District Court for the Southern District of Indiana Indianapolis Division Birch Bayh Federal Building & U.S. Courthouse 46 East Ohio Street Indianapolis, IN 46204 | Daniel A. Edelman Heather Kolbus Edelman, Combs, Latturner & Goodwin, LLC (38987) 20 S. Clark Street Suite 1800 Chicago, IL 60603 | David M. Schultz Hinshaw & Culbertson LLP 151 N. Franklin Street Suite 2500 Chicago, IL 60606<br><br>Jennifer J. Kalas Hinshaw & Culbertson LLP 322 Indianapolis Blvd. Suite 201 Schererville, IN 46375 |

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve settlement. You may attend if you wish, but you are not required to do so.

**18. Where and when is the fairness hearing?**

The Court will hold a Final Approval Hearing before the Honorable Judge James R. Sweeney II on DATE, 2025 at TIME a.m. in courtroom 307 of the United States District Court for the Southern District of Indiana, Indianapolis Division, Birch Bayh Federal Building & U.S. Courthouse, 46 East Ohio Street, Indianapolis, IN 46204. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable, and adequate, and in the best interests of the class, and to determine the appropriate amount of compensation for the Class Representative and Class Counsel. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

**19. What happens if I do nothing in response to this notice?**

You will receive a share of $40,000.00 and the Equitable Relief. You cannot file a lawsuit against Javitch and the Released Parties for the Released Claims.

| |
|---|
| This notice has been authorized by the United States District Court for the Southern District of Indiana. **The Court has taken no position in this case regarding the merits of the claims or the proposed settlement.** |