# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| DAWN BEUTEL-ZACHERY, | ) | |
| on behalf of Plaintiff and a class, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 22-cv-02261-JRS-MKK |
| vs. | ) | |
| | ) | |
| JAVITCH BLOCK LLC, | ) | |
| PALISADES ACQUISITION XVI, LLC, | ) | |
| PALISADES COLLECTION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## CLASS SETTLEMENT AGREEMENT

### RECITALS

1.    **Parties.**  Defendants Palisades Acquisition XVI, LLC and Palisades Collection, LLC (collectively, the "Palisades Defendants") and Plaintiff Dawn Beutel-Zachery ("Plaintiff"), individually, and as representative of the class of persons defined below in Paragraph 9 (the "Class"), enter into this class settlement agreement (the "Agreement").

2.    **Case, Parties, and Nature of the Litigation.**  Plaintiff, individually and on behalf of the Class, filed the above-captioned action in the United States District Court for the Southern District of Indiana, Indianapolis Division, entitled *Dawn Beutel-Zachery v. Javitch Block, LLC, Palisades Acquisition XVI, LLC and Palisades Collection, LLC*, Case No.  22-cv-02261-JRS-MKK (the "Litigation").  In the Litigation, Plaintiff alleged that Defendants commenced legal proceedings to enforce judgments that were entered in lawsuits wherein the judgments had not been assigned to the entities in whose names the legal proceedings were brought.  Plaintiff alleged violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 et seq. and state law.  Plaintiff alleged that the Defendants, acting in concert, violated §1692f, by prosecuting legal

proceedings on judgments without an appropriate assignment of the judgment and the debt to Palisades Acquisition XVI, LLC. Plaintiff also alleged that the Palisades Defendants violated the Indiana Deceptive Consumer Sales Act in that by trying to collect judgments in favor of a defunct entity, without an assignment of the debt and judgment, the Palisades Defendants engaged in a scheme, device or artifice with intent to defraud consumers and Plaintiff relied on the Palisades Defendants' deceptive acts by hiring an attorney and otherwise defending proceedings that should not have been brought. Plaintiff alleged a claim against all Defendants for wrongful legal proceedings in directing legal process to Plaintiff and her employer when Defendants were not authorized to take such action. Plaintiff also alleges a claim against all Defendants for fraud alleging that Defendants committed fraud on both the judgment debtors and the judicial system. Plaintiff alleged that Defendants acted for the wrongful purpose of concealing defects in the assignments and collecting money to which they were not entitled.

3.      **Denial of Liability.** Palisades Defendants deny that they violated the FDCPA and state law and deny all liability to Plaintiff and the Class. Nonetheless, Palisades Defendants agree to this settlement to avoid the expense, burden, and uncertainty of further litigation.

4.      Plaintiff, individually and on behalf of the Class, desires to enter into this Agreement, having considered, with the assistance of counsel, the risks, delay, costs, and difficulties involved in establishing a right to recovery over that offered by this settlement.

5.      Plaintiff's counsel has investigated the facts and the applicable law. Upon an analysis of the benefits afforded by this Agreement, Plaintiff's counsel considers it to be in the best interest of the Class to enter into this Agreement.

6.      In consideration of the foregoing and other valuable consideration, the parties each agree to settle the instant litigation in its entirety subject to the Court's approval, on the following

terms and conditions.

**TERMS**

7.    **Recitals.**  The Recitals set forth above are incorporated by reference as integral provisions of this Agreement.

8.    **Effective Date.**  This Agreement shall become effective (the "Effective Date") upon the occurrence of the following events: (1) the Court enters a final approval order which: (a) approves this Agreement as fair, reasonable, and adequate to the Class; (b) finds that this Agreement is fair and made in good faith; and (2) (a) if the Final Approval Order is not appealed, the expiration of 5 days from the date that the Final Approval Order becomes a final, non-appealable order; or (b) if the Final Approval Order is appealed, the expiration of 5 days after the final disposition of any such appeal, which final disposition affirms the Court's Final Approval Order and orders the consummation of the settlement under the terms and provisions of this Agreement.

9.    **Class.**  For purposes of this settlement only, Plaintiff and Palisades Defendants agree to the Court's conditional certification of the following Fed. R. Civ. P. 23(b)(2) Settlement Class (the "Class"), which consists of:

A.    The Class consists of (a) all natural persons (b) against whom one of the Great Seneca Companies obtained a judgment in Indiana State court and the judgment is docketed in Indiana State court only (c) who were subjected, directly or indirectly to Collection Activities on such judgment, by or on behalf of the Palisades Defendants, (d) on or after October 20, 2020. The Class excludes persons who have filed and received a discharge under Chapter 7 of the Bankruptcy Code. Persons who filed under Chapters 13, 12 and 11 are Class Members.

B.    "Collection Activities" means the following in any stage, whether pre-

3

collection, or post-judgment, in court or in arbitration: (i) written validation notice (required by U15 U.S.C. 1692g) mailed to the consumer, or (ii) the consumer was called regarding the debt by or on behalf of the Palisades Defendants; or (iii) the filing and or service of an appearance of counsel, interrogatories, motion for proceedings supplemental, a garnishment, or motion to substitute.

C. The "Great Seneca Company/Companies" are defined to include Great Seneca Financial Corporation, Centurion Capital Corporation, Platinum Financial Services Corporation, Monarch Capital Corporation, Colonial Credit Corporation, Sage Financial Ltd. Hawker Financial Corporation,  and any and all other creditors on accounts allegedly owned or acquired by Palisades Acquisition XVI, LLC in Indiana.

10.     Plaintiff Dawn Beutel-Zachery will be appointed as Class representative.  The law firms of Edelman, Combs, Latturner & Goodwin, LLC and Hofer Hagan LLP will be appointed as Class Counsel.

11.     **Relief to the Class Members ("Class Recovery").**  Subject to Court approval, the Class Members shall receive relief described below:

a.      <u>Class Recovery – Injunctive Relief</u>.   The Palisades Defendants will cease Collection Activities on any Great Seneca Company collection account on which a member of the Class is an obligor..  The Palisades Defendants shall direct all third parties engaging in Collection Activities on their behalf to cease Collection Activities on said Great Seneca accounts on which a Class member is an obligor.  Nothing in this Agreement shall require

4

or compel the Palisades Defendants to refund any payments or release any garnishments in connection with this settlement. The Palisades Defendants shall not resell or transfer the Great Seneca Company account of any Class Member to another entity.

12. **Relief to Plaintiff Dawn Beutel-Zachery.** Subject to Court approval, Palisades Defendants shall pay $7,000.00 to Plaintiff/Class Representative Dawn Beutel-Zachery, which represents damages and an incentive award. Plaintiff will also receive the Injunctive Relief. The Palisades Defendants will also release the debt at issue in the collection proceeding, Great Seneca Financial Corp. v. Dawn Beutel a/k/a Dawn Zachery, 49D03-0401-CC-000004, Marion County Superior Court, Marion County, Indiana. The Palisades Defendants represent that they have not reported and will not credit report the Great Seneca Company accounts of any Class Members.

13. **Attorneys' Fees and Costs**. Counsel for Plaintiff and the Class shall petition the Court for approval of attorneys' fees and costs in the amount of $200,000.00. Palisades Defendants shall pay those fees and costs that the Court deems reasonable up to $200,000.00. This amount is in addition to the Injunctive Relief and Relief to Plaintiff.

14. **Timing of Payments/Timing to Implement Injunctive Relief.**

   a. **Implementation of Injunctive Relief.**

      i. Injunctive Relief. Sixty days after the final approval order becomes a final and non-appealable order, the Palisades Defendants will immediately and permanently cease all Collection Activities on any Great Seneca Company account on which any Class Member is an obligor. The Injunctive Relief will be implemented by the Palisades Defendants by ceasing all Collection Activities as to the Great Seneca Company accounts that are included in the Class definitions as set forth herein.

      ii. The Palisades Defendants also agree to not resell or transfer the Great Seneca Company accounts on which a Class Member is an obligor that are subject to this settlement.

The payments required by Paragraphs 12-13 of this Agreement, shall be distributed as follows:

b. **Distribution of Plaintiff's Recovery.** The Palisades Defendants shall deliver to Plaintiff's counsel a check made payable to Plaintiff/Class Representative in the amount of $7,000.00 as set forth in Paragraph 12 within 21 days of the Effective Date and upon receipt of a completed W-9 for Plaintiff. The Palisades Defendants shall send the check to Plaintiff at an address provided to the Palisades Defendants' counsel by Plaintiff's counsel.

c. **Distribution of Attorneys' Fees and Costs Payment.** The Palisades Defendants shall deliver a check made payable to Edelman, Combs, Latturner & Goodwin LLC Client Trust Account in the amount of $200,000.00 or such other amount as approved by the Court as set forth in Paragraph 13 to Plaintiff's counsel within 21 days of the Effective Date and upon receipt of a completed W-9 form for Plaintiff's counsel. The Palisades Defendants shall send the check to Edelman, Combs, Latturner & Goodwin, LLC, 20 South Clark Street, Suite 1800, Chicago, Illinois 60603.

d. **Report of Implementation of Injunctive Relief.** Within 120 days of the Effective Date, the Palisades Defendants shall report on the implementation of the Class Recovery - Injunctive Relief to the Class Members.

15. **Dismissal Order**. Once Palisades Defendants provide a notice of compliance of Injunctive Relief and Relief to Plaintiff as set forth in this Agreement, and make any other payments ordered by the Court for an incentive award to Plaintiff and payment of Attorney's Fees and Costs, the Litigation will be dismissed with prejudice.

16. **Right to Object**. All Class Members shall have the right to object to this settlement. Objections must be filed with the Court by the objecting Class Member and served on all counsel of record. For an objection to be valid, it must be in writing and contain the following:

i. the objecting Class Member's name, address, and phone number;

ii. the name and number of the case: *Dawn Beutel-Zachary v. Javitch Block LLC, Palisades Acquisition XVI, LLC and Palisades Collection, LLC*, Case No. 22-cv-02261-JRS-MKK (S.D. Ind.).

iii. the factual basis or legal grounds for the objection; and

6

       iv.   documents, if any, to support the objection.

17    **Time for Requests for Objections**.  Class Members shall have 60 days after the order is entered granting preliminary approval of the settlement to object to this settlement.

18.    **No Personal Notice for Injunctive Relief Class.**  No personal notice is required for the Injunctive Relief class.  CAFA notice will be required.  There are no opt out provisions with the Injunctive Relief Class.  Class Members may object to the settlement by following the procedures in Paragraph 16.  In addition, a separate class settlement notice will be given to a portion of the class due to a class settlement between Plaintiff and Defendant Javitch Block, LLC.

19.    **Release.**  Upon the Effective Date, Plaintiff grants the following release: Plaintiff releases and discharge Defendants, as well as their respective predecessors, successors, assigns, affiliates, parent corporations, subsidiaries, holding companies, divisions, unincorporated business units, partners, insurers, members, officers, directors, shareholders, members, managers, employees, agents, representatives, officials, attorneys, associates, collection agencies and subcontractors, law firms, attorneys and trustees (in such capacities as they relate to the actions that gave rise to the claims asserted in the Litigation) (collectively, "Released Parties"), from any and all claims, actions, causes of action, suits, counterclaims, cross-claims, third-party claims, contentions, allegations, assertions of wrongdoing, demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal, or statutory relief, any other benefits, or any penalties of any type whatsoever, whether known or unknown, suspected or unsuspected, contingent or noncontingent, or discovered or undiscovered, that were brought in the Litigation, that could have been brought in the Litigation, or that arise out of the collection or attempted collection of debts previously

owned by one or more of the Great Seneca Companies.

20.     **Approval by the Court.**  The above release in Paragraph 18 of this Agreement is conditioned upon the approval of this Agreement by the Court and the parties meeting the obligations set forth herein.  If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation or in any manner whatsoever.

21.     **Class Action Fairness Act.**  Defendants shall provide notice of this proposed class settlement to the appropriate state and federal authorities in compliance with the Class Action Fairness Act ("CAFA").  Any costs incurred for sending CAFA notice are solely the responsibility of Defendants, separate and distinct from the  Injunctive Relief, Relief to Plaintiff, and any payment of attorney's fees and costs set forth in paragraphs 11-13.

22.     **Preliminary Approval.**  As soon as practicable after execution of this Agreement, the parties shall apply to the Court for entry of the preliminary approval order, attached as <u>Exhibit 2</u>, which:

> a. Preliminarily approves this Agreement;
>
> b. Schedules a hearing for final approval of this Agreement; and
>
> c. Finds that only CAFA notice is required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

23.     The parties agree to proposed preliminary approval order attached hereto as <u>Exhibit 1</u>.  The fact that the Court may require non-substantive changes to the order does not invalidate this Agreement.

24.     **Final Approval.**  At the conclusion of or as soon as practicable after the hearing on the fairness, reasonableness, and adequacy of this Agreement, and the expiration of at least 90

days from the preliminary approval of the settlement, Plaintiff's counsel and Defendants' counsel shall request that the Court (i) enter the Final Approval Order attached hereto as <u>Exhibit 2</u> approving the terms of this Agreement as fair, reasonable, and adequate; (ii) providing for the implementation of those terms and provisions; (iii) finding that the notice given to the Class satisfies the requirements of due process and Rule 23; and (iv) directing the entry of a Final Approval Order. The fact that the Court may require non-substantive changes to the proposed Final Approval Order attached hereto as <u>Exhibit 2</u> does not invalidate this Agreement.

25.    **Release of Attorneys' Lien.**  In consideration of this Agreement, counsel for Plaintiff and the Class hereby discharge and release the "Released Parties," as defined in Paragraph 19 above, from any and all claims for attorneys' fees, by lien or otherwise, other than the amount of fees and costs determined under Paragraph 13, for legal services rendered.

26.    **Miscellaneous Provisions.**

a. The parties acknowledge that this Agreement memorializes the compromise of disputed actual and potential claims.

b. The parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement and to use their best efforts to affect the consummation of this Agreement and the settlement provided for herein.

c. Notices and objections related to this Agreement shall be sent to the following attorneys:

Daniel A. Edelman
Heather Kolbus
Edelman, Combs, Latturner & Goodwin, LLC
20 South Clark Street
Suite 1800
Chicago, Illinois 60603

Steven R. Hofer
Keith R. Hagan
HOFER HAGAN LLP
8888 Keystone Crossing, Suite 1300
Indianapolis, IN  46240

John K. Rossman
Rossman Attorney Group, PLLC
P.O. Box 24140
Edina, MN 55424

Without Court approval, the persons and addresses designated in this sub-paragraph may be changed by any party by written notice to the other parties.

d. This Agreement constitutes the entire agreement between the parties and may not be modified or amended except in writing, signed by all parties, and approved by the Court.

e. This Agreement may be executed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies, facsimiles, or digital scans of executed copies of this Agreement may be treated as originals.

f. Every term of this Agreement shall be binding upon and inure to the benefit of Plaintiff, the Class, and their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

g. This Agreement shall be governed by and interpreted under the laws of the State of Indiana.

h. The Parties represent to one another that they have full power and authority to enter into this Agreement and carry out their obligations hereunder.

**IN WITNESS WHEREOF**, the parties hereto, acting by and through their respective counsel of record, have so agreed, on _____November 13_____, 2024.


**Plaintiff individually
and as Class Representative:**

_____
Dawn Beutel-Zachery

**Defendant Palisades Acquisition XVI, LLC**

By: _____
     Its duly authorized representative

10

John K. Rossman
Rossman Attorney Group, PLLC
P.O. Box 24140
Edina, MN 55424

Without Court approval, the persons and addresses designated in this sub-paragraph may be changed by any party by written notice to the other parties.

d. This Agreement constitutes the entire agreement between the parties and may not be modified or amended except in writing, signed by all parties, and approved by the Court.

e. This Agreement may be executed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies, facsimiles, or digital scans of executed copies of this Agreement may be treated as originals.

f. Every term of this Agreement shall be binding upon and inure to the benefit of Plaintiff, the Class, and their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

g. This Agreement shall be governed by and interpreted under the laws of the State of Indiana.

h. The Parties represent to one another that they have full power and authority to enter into this Agreement and carry out their obligations hereunder.

**IN WITNESS WHEREOF**, the parties hereto, acting by and through their respective

counsel of record, have so agreed, on _____, 2024.

**Plaintiff individually
and as Class Representative:**

**Defendant Palisades Acquisition XVI, LLC**

_____
Dawn Beutel-Zachery

By: _____
Its duly authorized representative

**Defendant Palisades Collection, LLC**

By: _____
Its duly authorized representative

Attorneys for Dawn Beutel-Zachery
and the Class:

Attorneys for Palisades Acquisition XVI,
LLC and Palisades Collection, LLC

_____

Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 South Clark Street
Suite 1800
Chicago, Illinois 60603

Keith R. Hagan
Steven R. Hofer
HOFER HAGAN LLP
8888 Keystone Crossing
Suite 1300
Indianapolis, IN 46240

_____

John K. Rossman
Rossman Attorney Group, PLLC
P.O. Box 24140
Edina, MN 55424

11

**Defendant Palisades Collection, LLC**

By: _____

Its duly authorized representative

Attorneys for Dawn Beutel-Zachery
and the Class:


*Heather Kolbus*
_____

Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 South Clark Street
Suite 1800
Chicago, Illinois 60603

Keith R. Hagan
Steven R. Hofer
HOFER HAGAN LLP
8888 Keystone Crossing
Suite 1300
Indianapolis, IN 46240

Attorneys for Palisades Acquisition XVI,
LLC and Palisades Collection, LLC

_____

John K. Rossman
Rossman Attorney Group, PLLC
P.O. Box 24140
Edina, MN 55424

11

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| DAWN BEUTEL-ZACHERY,<br>on behalf of Plaintiff and a class, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 22-cv-02261-JRS-MKK |
| JAVITCH BLOCK LLC,<br>PALISADES ACQUISITION XVI, LLC,<br>PALISADES COLLECTION, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

## <u>PRELIMINARY APPROVAL ORDER</u>

The Court, having considered Plaintiff's Unopposed Motion and Memorandum in Support of Preliminary Approval of Class Settlement and Plaintiff's Preliminary Notice of Attorney's Fees in Support of Motion for Preliminary Approval of Class Settlement, hereby preliminarily approves the Class Settlement Agreement (the "Agreement") between Plaintiff Dawn Beutel-Zachery ("Plaintiff"), individually and as representative of the Class, and Defendants Palisades Acquisition XVI, LLC and Palisades Collection, LLC (collectively, the "Palisades Defendants") and finds as follows:

1.    The Court has jurisdiction over the subject matter of the Litigation and, for purposes of the Agreement only, has personal jurisdiction over Plaintiff, the Palisades Defendants, and the Class Members.

2.    The proposed Agreement has been negotiated in good faith at arm's length, and is preliminarily determined to be fair, reasonable, adequate and in the best interests of the Class (defined below).

1

3.     The terms of the Agreement are reasonable, adequate, fair, and are hereby approved by the Court, subject to the final approval hearing described below.

4.     The following class (the "Class") is hereby certified for settlement purposes only by the Court pursuant to Fed. R. Civ. P. 23(b)(2) and are subject to the terms of the Agreement:

> **Class**: The class consists of (a) all natural persons (b) against whom one of the Great Seneca Companies obtained a judgment in Indiana State Court and the judgment is docketed in Indiana State court only; (c) who were subjected, directly or indirectly to Collection Activities on such judgment, by or on behalf of the Palisades Defendants; (d) on or after October 20, 2020.
>
> The Great Seneca Company/ Companies are defined to include: (i) Centurion Capital Corp., (ii) Great Seneca Financial Corp., (iii) Hawker Financial Corp. (iv) Monarch Capital Corporation, (v) Colonial Credit Corporation, (vi) Platinum Financial Services Corp., (vii) Sage Financial, Ltd., (viii) and any and all other creditors on accounts allegedly owned or acquired by Palisades Acquisition XVI, LLC in Indiana.
>
> Collection Activities means the following in any stage, whether pre-collection or post-judgment, in court or in arbitration (i) a written validation notice (required by 15 U.S.C. 1692g) mailed to the consumer, or (ii) the consumer was called regarding the debt by or on behalf of the Palisades Defendants; or (iii) the filing and or service of an appearance of counsel, interrogatories, motion for proceedings supplemental, a garnishment, or motion to substitute.

The Court makes a preliminary finding that this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b). The Class as defined in the Settlement Agreement is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Class Members, the claims of the Class Representative are typical of the claims of the Class; and the Class Representative and Class Counsel will fairly and adequately protect the interests of the Class. The Palisades Defendants have refused to act on grounds that apply generally to the class, so injunctive relief is appropriate respecting the class as a whole.

5.     For settlement purposes only, and in accordance with Fed. R. Civ. P. 23, the Court preliminarily appoints the named-Plaintiff, Dawn Beutel-Zachery, as the Class Representative, and

finds that she meets the requirements of Fed. R. Civ. P. 23. The Court also preliminarily appoints counsel for Plaintiff, Edelman, Combs, Latturner & Goodwin, LLC and Hoger Hagan, LLP, as Class Counsel. This Court preliminarily finds that Class Counsel have, and will continue to, fairly and adequately represent the interests of the Class Members. Plaintiff and Class Counsel, on behalf of the Class Members, are authorized to take all appropriate action required or permitted to be taken by the Agreement to effectuate its terms.

6.      For settlement purposes only, the Court preliminarily finds that settlement of the Litigation on the terms and conditions set forth in the Agreement, preliminarily appears in all respects fair, reasonable, adequate and in the best interest of the Class Members and within the range of possible approval, especially in light of the complexity, expense, and probable duration of further litigation, the risk and delay inherent in possible appeals, and the amount of any potential total recovery for the class. This finding is subject to further consideration at the Final Approval Hearing.

7.      Class Members and federal or state official have until DATE, 2025 to object to the Agreement. All written objection papers must be mailed to the Clerk of the Court, served on Counsel for the parties, and postmarked no later than DATE, 2025. For an objection to be valid, it must be in writing and must contain the following:

    i.      the objecting Class Member's name address, phone number, and email address (if applicable);

    ii.     the name and number of the case: *Zachery v. Javitch Block, LLC, Palisades Acquisition XVI, LLC and Palisades Collection, LLC,* Case No. 22-cv-2261-JRS-MKK (S.D. Ind.);

    iii.    the factual basis or legal grounds for the objection; and

iv.    documents, if any, to support the objection.

8.    Class Counsel shall file a fee petition requesting an award of attorneys' fees and costs no greater than $200,000.00. Class Counsel shall file said fee petition by DATE, 2025 which the Court shall rule on at the final approval hearing.

9.    A final approval hearing on the fairness, adequacy, and reasonableness of the Agreement and whether final approval shall be given to it, including Class Counsel's petition for attorney's fees and expenses, will be held on DATE, 2025 at TIME in the courtroom of the Honorable Judge James R. Sweeney II, District Judge, 5400 Federal Plaza, Indianapolis, Indiana 46320 or by telephone at DIAL-IN information.

10.    The Palisades Defendants shall file a notice that they have complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b) by DATE, 2025.

11.    To the extent necessary or desired, the parties may respond to any objections seven (7) days before the final approval hearing. There shall be no replies from objectors.

12.    All papers in support of Final Approval of the Agreement shall be filed no later than DATE, 2025.

SO ORDERED.

_____
**Honorable James R. Sweeney II**
U.S. DISTRICT JUDGE

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

DAWN BEUTEL-ZACHERY,                )
on behalf of Plaintiff and a class,          )
                                                           )
                    Plaintiff,                          )
                                                           )          22-cv-02261-JRS-MKK
          vs.                                             )
                                                           )
JAVITCH BLOCK LLC,                         )
PALISADES ACQUISITION XVI, LLC,    )
PALISADES COLLECTION, LLC,           )
                                                           )
                    Defendants.                       )

**<u>FINAL APPROVAL ORDER FOR INJUNCTIVE RELIEF</u>**

This Court, upon a hearing held on DATE, 2024, in line with  this Court's prior order preliminarily approving a proposed class settlement (*Dkt. No. ##*), with  counsel for Plaintiff Dawn Beutel-Zachery ("Plaintiff") and counsel for Defendants Palisades Acquisition XVI, LLC and Palisades Collection, LLC (collectively,  the "Palisades Defendants") noting that the parties dispute the claims on the merits and concede  no arguments in support of their positions but have, nevertheless, agreed to settle their claims,   and now being fully advised –

(1)      On DATE, 2024, this Court entered an order granting preliminary approval of  the settlement between Plaintiff and the Palisades Defendants

(2)      The  Court  determined that notice to the class was not required pursuant to Fed. R. Civ. P. 23(b)(2)(A). The Palisades Defendants timely complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C.§1715(b).   [ No] objections were filed or received.

(3)     On DATE, 2025, the Court held a fairness hearing to which class members, including any with objections, were invited. [No] class members objected to the settlement. An opportunity to be heard was given to all persons requesting to be heard  in  accordance  with  the Preliminary  Approval  Order. [No]  persons  appeared  in  Court, [or called into the telephonic hearing,] seeking to address the proposed settlement. Having considered the parties' Settlement Agreement, Plaintiff's Fee Petition, Plaintiff's Preliminary Notice of Attorney's Fees in Support of Motion for Preliminary Approval of Class Settlement, Joint Motion and Memorandum in Support of Final Approval of the Settlement and all other evidence submitted, and good cause having been shown,

**IT IS HEREBY ORDERED THAT:**

1.     This Court has jurisdiction over Plaintiff, the Palisades Defendants, Class Members  and  the  claims asserted in the Litigation.

2.     The Settlement Agreement was entered into in good faith, following arm's length negotiations and is non-collusive.

3.     The Court grants final approval of the Settlement, and finds that it is in all respects fair, reasonable, and in  the best interest of the Settlement Class.

4.     The previously certified class is now finally certified for purposes of settlement pursuant to Fed. R. Civ. P. 23(a) and (b)(2):

The class consists of (a) all natural persons (b) against whom one of the Great Seneca Companies obtained a judgment in Indiana State Court and the judgment is docketed in Indiana State court only; (c) who were subjected, directly or indirectly to Collection Activities on such judgment, by or on behalf of the Palisades Defendants; (d) on or after October 20, 2020.

The "Great Seneca Company/Companies" are defined to include: (i) Centurion Capital Corp., (ii) Great Seneca Financial Corp., (iii) Hawker Financial Corp. (iv) Monarch Capital Corporation, (v) Colonial Credit Corporation, (vi) Platinum Financial Services Corp., (vii) Sage Financial, Ltd., (viii) and any and all other creditors on accounts allegedly owned or acquired by Palisades Acquisition XVI, LLC in Indiana.

"Collection Activities" means the following in any stage, whether pre-collection or post-judgment, in court or in arbitration (i) a written validation notice (required by 15 U.S.C. 1692g) mailed to the consumer, or (ii) the consumer was called regarding the debt by or on behalf of the Palisades Defendants; or (iii) the filing and or service of an appearance of counsel, interrogatories, motion for proceedings supplemental, a garnishment, or motion to substitute.

5.     The Court finds that certification solely for purposes of settlement is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(2) in that: (a) the class is so numerous that  joinder of all members is impracticable; (b) there are questions of law and fact common to the  class over any questions affecting only individual class members; (c) Plaintiff's  claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Edelman, Combs, Latturner & Goodwin, LLC and Hofer Hagan LLP are adequate class counsel  and Dawn Beutel-Zachery is an adequate class representative; and (f) the Palisades Defendant have refused to act on grounds that apply generally to the class, so injunctive relief is appropriate respecting the class as a whole.

6.     Dawn Beutel-Zachery is designated as a representative of the Class.

7.     Edelman, Combs, Latturner & Goodwin, LLC and Hofer Hagan LLP are appointed as class counsel.

8.     A full and fair opportunity has been afforded to the class members and to

federal and state officials to object to, and to participate in the hearing convened to determine whether the settlement should be given final approval. [No] Class Members have objected to the Settlement.

9.      Sixty days after this order becomes final and non-appealable, the Palisades Defendants shall immediately and permanently cease Collection Activities on any Great Seneca Company collection account on which a member of the Class is an obligor.

10.     Sixty days after this order becomes final and non-appealable, the Palisades Defendants shall direct all third parties engaging in Collection Activities on their behalf to cease Collection Activities on said Great Seneca accounts on which a Class Member is an obligor.

11.     The Palisades Defendants shall not resell or transfer the Great Seneca Company accounts of any Class Member to another entity. The Palisades Defendants shall not report the Great Seneca Company accounts of any Class Members to the credit bureaus.

12.     The Court has considered Class Counsel's application for attorney's fees. The Court awards Class Counsel the sum of $$$.00 as an award of attorney's fees and costs to be paid within 21 days of the Effective Date, and finds this amount of fees is fair and reasonable.

13.     The Court grants Class Counsel's request for an incentive award to the class representative and awards $$$.00 to Dawn Beutel-Zachery. The Court finds that this payment is justified by the Class Representative's service to the Settlement Class. This payment shall be made within 21 days of the Effective Date.

14.     Within 120 days of the entry of this order, the Palisades Defendants shall report on the implementation of the injunctive relief to the class members.

15.     The settlement provides fair, adequate, and reasonable relief to class members.

16.     The parties shall carry out their respective obligations under the Agreement and

as ordered herein.

17.    The Court shall retain jurisdiction as necessary or appropriate to implement and/or enforce the provisions of the injunctive relief and the Palisades Defendants consent to personal jurisdiction and venue for that purpose.

18.    A hearing on the Palisades Defendants' implementation of the injunctive relief to the class members, status on settlement payments provided herein, and for entry of a dismissal order is set for [DATE] at TIME.

**SO ORDERED.**

_____
**Honorable James R. Sweeney II**
U.S. DISTRICT JUDGE