**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| DAWN BEUTEL-ZACHERY, <br> on behalf of plaintiff and the class <br> members described herein, <br><br> Plaintiff, <br><br> v. <br><br> JAVITCH BLOCK LLC; <br> PALISADES COLLECTION, L.L.C.; and <br> PALISADES ACQUISITION XVI, LLC; <br><br> Defendants. | 1:22−cv−02261−JRS−MKK |

**PLAINTIFF'S PRELIMINARY NOTICE OF ATTORNEY'S FEES IN SUPPORT OF MOTIONS FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

Plaintiff Dawn Beutel-Zachery ("Plaintiff"), individually and as representative of the class, respectfully submits this Preliminary Notice of Attorney's Fees and Costs in Support of her: (a) Combined Unopposed Motion and Memorandum in Support of Preliminary Approval of Class Settlement with Defendant Javitch Block LLC (*Dkt. No. 144*); and (b) Unopposed Combined Motion and Memorandum in Support of Preliminary Approval of Class Settlement with Defendants Palisades Collection, LLC and Palisades Acquisition XVI, LLC (*Dkt. No. 145*).

## I.      INTRODUCTION

### A.  Settlement with the Palisades Defendants

Plaintiff and Defendants Palisades Collection, LLC and Palisades Acquisition XVI, LLC (collectively, the "Palisades Defendants") have reached an agreement that requires the Palisades Defendants to cease all Collection Activities on any Great Seneca Company account on which any Class Member is an obligor. The Palisades Defendants will also not resell or transfer the Great

Seneca Company accounts on which a Class Member is an obligor that are subject to the settlement agreement. The Palisades Defendant represented that they have not and will not credit report the Great Seneca accounts of any Class Member. Class Members are not giving a release to the Palisades Defendants and no personal notice to the class will be given. The Palisades Defendants will provide notice to the appropriate state and federal authorities pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

Additionally, the Settlement provides that the Palisades Defendants will pay $7,000.00 to Plaintiff representing her damages and an incentive award. Plaintiff will also receive the same injunctive relief as the Class Members. The Palisades Defendants also agreed to release the debt at issue in the collection proceeding against Plaintiff, *Great Seneca Financial Corp. v. Dawn Beutel a/k/a Dawn Zachery*, 49D03-0401-CC-000004, Marion County Superior Court, Marion County, Indiana. Plaintiff is giving the Palisades Defendants a release for this consideration. The Palisades Defendants have also agreed to pay Plaintiff's counsel's attorney's fees and costs in the amount of $200,000.00. Pursuant to the parties' Agreement, any amount ultimately awarded for attorney's fees and costs will not impact the injunctive relief to the Settlement Class in any way, and the Settlement is not dependent on Plaintiff's Counsel receiving any particular fee and expense award. Therefore, there is nothing unusual about the terms of the proposed fee and expense petition that would prevent preliminary approval.

### B. Settlement with Javitch

Plaintiff and Defendant Javitch Block LLC ("Javitch") have reached an agreement wherein Javitch agreed to pay $40,000.00 into a non-reversionary fund pledged for the benefit of the class members. The class settlement fund of $40,000.00 equates to approximately 94% of the *maximum* amount that a class could recover if Javitch was found liable at trial. *See* 15 U.S.C. §

1682k(A)(2)(B) (statutory damages available to a class under the FDCPA are limited to "the lesser of $500,000 or 1 per centum of the net worth of the debt collector").

In addition to the foregoing, and separate and distinct from the funds made available to the class members, the Settlement provides that Javitch will pay for notice and settlement administration, an individual settlement and service award to Plaintiff in the amount of $900.00; and Plaintiff's attorneys' fees and costs of $40,000.00. Pursuant to the parties' Agreement, any amount ultimately awarded for attorney's fees and costs will not impact the amount of money going to the Settlement Class nor the amount that is ultimately distributed between the class members, in any way. Likewise, the Settlement is not contingent on Plaintiff's Counsel receiving any particular fee award. Therefore, there is nothing peculiar about the terms of the proposed fee that would prevent preliminary approval.

As detailed below and in the Unopposed Motions for Preliminary Approval of the Class Settlement (*Dkt. Nos. 144, 145*), the efforts of Plaintiff and her counsel warrant the amounts agreed to between: (a) Plaintiff and the Palisades Defendants, and (b) Plaintiff and Javitch. In support, Plaintiff's counsel relies on the Declaration of Daniel A. Edelman, attached as Exhibit 1, and the Declaration of Steven Hofer, attached as Exhibit 2, summarizing counsel's time and the expenses incurred to date on behalf of Plaintiff and the Settlement Classes as well as their extensive experience in consumer protection matters and/or class action litigation.

Prior to final approval, Plaintiff's counsel will file a separate motion for approval of the award of attorneys' fees and costs, addressing in detail the facts and law supporting their fee request. Thus, attorneys' fees will only be paid after the Court is fully advised of the benefits distributable to Class Members. *See* Fed. R. Civ. P. 23 Notes ("In some cases, it may be

appropriate to defer some portion of the fee award until actual payouts to class members are known.").

## II. THE AWARD OF ATTORNEY'S FEES AND COSTS IS SUPPORTED UNDER THE FDCPA, IDCSA AND CONTROLLING LAW

As the Seventh Circuit has recognized, federal courts strongly favor and encourage settlements, particularly in class actions and other complex matters, where the inherent costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain:

> It is axiomatic that the federal courts look with great favor upon the voluntary resolution of litigation through settlement. In the class action context in particular, there is an overriding public interest in favor of settlement. Settlement of the complex disputes often involved in class actions minimizes the litigation expenses of both parties and also reduces the strain such litigation imposes upon already scarce judicial resources.

*Armstrong v. Bd. of Sch. Dirs. of Milwaukee*, 616 F.2d 305, 312-13 (7th Cir. 1980) (citations and quotations omitted), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998); *see also Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation."); 4 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 11.41 (4th ed. 2002) (citing cases).

In reviewing a fee award in a class action settlement, a court must assess counsel's risk of taking a particular case and the probability of success as it existed "at the outset of the litigation." *Florin v. Nationsbank of Ga., N.A.*, 34 F.3d 560, 565 (7th Cir. 1994). Therefore, a court must do its best to estimate the terms of the contract that private plaintiffs would have negotiated with their lawyers at the outset of the case, when the risk of loss still existed, rather than at the end of a successful case:

4

> The best time to determine this rate is the beginning of the case, not the end (when hindsight alters the perception of the suit's riskiness, and sunk costs make it impossible for the lawyers to walk away if the fee is too low). This is what happens in actual markets.

*In re Synthroid*, 264 F.3d at 718; *see also In re Capital One Telephone Consumer Protection Act Litig.*, 80 F. Supp. 3d 781, 788–89 (N.D. Ill. 2015) (the probability of success at the outset of litigation helps determine the reasonableness of the fee).

"The lawyers for the class receive no fee if the suit fails." *Matter of Cont'l Illinois Sec. Litig.*, 962 F.2d 566, 568 (7th Cir. 1992), as amended on denial of reh'g (May 22, 1992). "Contingent fees compensate lawyers for the risk of nonpayment. The greater the risk of walking away empty-handed, the higher the award must be to attract competent and energetic counsel." *Silverman*, 739 F.3d at 958 (citing *Kirchoff v. Flynn*, 786 F.2d 320 (7th Cir. 1986)).

As discussed more fully in the Unopposed Motions for Preliminary Approval (*Dkt. No. 144, 145*), Plaintiff's Counsel faced a significant risk of nonpayment because of the uncertainty of the success of the litigation, and the overall challenges which accompany the complexities of consumer class litigation. Plaintiff's counsel invested time, effort, and money in investigating and developing the theories and claims asserted on behalf of Plaintiff and the class. Counsel did so at the risk of no recovery.

Class actions themselves are inherently risky litigation. In a study analyzing class actions against insurers, only 12% of 564 attempted class actions led to a class settlement. Theodore Eisenberg & Geoffrey P. Miller, *Attorneys' Fees and Expenses in Class Action Settlements: 1993-2008*, 7 J. EMPIR. L. STUD. 248, at 24 (2010) (citing Nicholas M. Pace, Stephen J. Carroll, Ingo Vogelsang, & Laura Zakaras, *Insurance Class Actions in the United States*, 47 tbl.3.16 (2007)). Investigating and proving Fair Debt Collection Practices Act ("FDCPA") and Indiana Deceptive Consumer Sales Act ("IDSCA") class claims are no different. Consumer class actions can be

difficult and oftentimes expensive, time-consuming, complex and risky. From the outset, Javitch and the Palisades Defendants denied liability and intended to assert various defenses in opposition to class certification. The Palisades Defendants also argued that prior decisions on similar issues as alleged by Plaintiff were decided in its favor by other courts in this circuit, such as in *Ciesniewski, et al. v. Aries Capital Partners, Inc., et al,* 16cv817-JPH-TAB (S.D. Ind.), and would be persuasive authority to defeat Plaintiff's claims here. Therefore, Plaintiff would have to overcome significant challenges to succeed on class certification, liability and damages, all of which would take a considerable amount of time to accomplish. Plaintiff would need to successfully oppose any dispositive motions, as well as succeed on a motion for class certification and at trial.

"It is known from past experience that no matter how confident one may be of the outcome of litigation, such confidence is often misplaced." *In re Nationwide Financial Services Litigation*, No. 2:08-CV-00249, 2009 U.S. Dist. LEXIS 126962, at *6 (S.D. Ohio, 2009), quoting, *West Virginia v. Chas. Pfizer & Co.*, 314 F. Supp. 710, 743-44 (S.D.N.Y. 1970), *aff'd*, 440 F. 2d 1079, 1085-86 (2d Cir.), *cert. denied*, 404 U.S. 871, 92 S. Ct. 81, 30 L. Ed. 2d 115 (1971); *In re General Motors Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 812 (3d Cir. 1995) (concluding that lengthy discovery and ardent opposition from the defendant were facts favoring settlement, which offers immediate benefits and avoids delay and expense).

### A. Plaintiff and the Class Are Entitled to Have Attorney's Fees and Costs Paid Separate From Their Recoveries

As noted above, the attorneys' fees, costs, as well as the incentive awards, will be paid separately by Javitch and the Palisades Defendants in addition to (and not from) the relief made available to the Settlement Classes, which is permitted under the statutes and doing so benefits the classes. *See Jermyn v. Best Buy Stores*, L.P., 2012 WL 2505644, at *9 (S.D.N.Y. June 27, 2012)

("'Thus regardless of the size of the fee award, class members . . . will receive the same benefit; the fee award does not reduce the recovery to the class. Under these circumstances, the danger of conflicts of interest between attorneys and class members is diminished.'") (*quoting In re Sony Corp. SXRD Rear Projection TV Class Action Litig.*, 2008 U.S. Dist. LEXIS 36093, at *43 (S.D.N.Y. May 1, 2008)); *Steinberg v. Nationwide Mut. Ins. Co.*, 612 F. Supp. 2d 219, 224 (E.D.N.Y. 2009) ("[T]he fee award will not be drawn from the common fund but will be paid directly by [defendant]. In this regard, the fee award, however substantial, will have no effect on the monetary relief afforded to class members.").

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). The Indiana Deceptive Consumer Sales Act, IC § 24-5-0-5.4 ("IDCSA") is a fee-shifting statute that provides for an award of reasonable attorney's fees and costs to a prevailing party. Therefore, a party that prevails under the IDCSA may seek "to recover only those attorneys' fees that are reasonably incurred." *Ottaway v. Rev Rec. Grp., Inc.*, 16cv162, 2020 U.S. Dist. LEXIS 266797, at *4 (N.D. Ind. Oct. 16, 2020). The purpose behind fee-shifting statutes, such as the IDCSA, "is to compensate consumers for reasonable attorney fees that were reasonably necessary for successful litigation of claims…." *Id*.

The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") allows Class Counsel to recover for its work in this action. Section 1692k provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person" is liable, *inter alia*, for "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. §1692k(a)(3). Thus, plaintiffs who prevail under the FDCPA are entitled to an award of costs and

reasonable attorneys' fees. 15 U.S.C. § 1692k(a)(3); *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 856 (7th Cir.2009). Such an award is mandatory. *Zagorski v. Midwest Billing Servs., Inc.*, 128 F.3d 1164, 1166 (7th Cir.1997). "In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." In a statutory fee-shifting case, such as this one, "the prevailing party, usually the plaintiff, recovers the attorneys' fee from the defendant, whereas in a common fund case, the court awards the plaintiffs' attorneys' fees from the fund." *Sutton v. Bernard*, 504 F.3d 688, 963 (7th Cir. 2007)

Congress included the [nondiscretionary] fee-shifting provision of the FDCPA in order to entice competent attorneys to prosecute what are often low-dollar and statutorily capped FDCPA claims. *See* 15 U.S.C. § 1692k(a)(3) (providing that successful plaintiffs are entitled to a reasonable attorney's fee); *Tolentino v. Friedman*, 46 F.3d 645, 651-52 (7th Cir.1995) (explaining that the FDCPA makes attorneys' fees mandatory in part to encourage parties to bring FDCPA claims that often "vindicate important ... rights that cannot be valued solely in monetary terms" (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 562, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986))).

Thus, where the statutory recovery under the FDCPA that is available to a class is limited not to exceed one percent of a defendant's net worth, as is the case here with Javitch, the statute's fee-shifting provision is not intended to diminish the class's recovery and may be paid be separately rather than as a percentage of the class fund.

### B.     The Settlements Provide Substantial Benefits to the Classes

A "prevailing party" is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded . . ." *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources*, 532 U.S. 598, 603, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001, quoting

8

Black's Law Dictionary 1145 (7th ed. 1999); *see also T.D. v. LaGrange School Dist. No. 102*, 349 F.3d 469, 474-475 (7th Cir.2003) (T.D.) (*Buckhannon* definition of "prevailing party" extends consistently to federal fee-shifting provisions).

A settlement agreement enforceable is by court order, even where no admission of liability is made, and is still a "court-ordered 'change [in] the legal relationship between [the plaintiff] and the defendant.'" *Buckhannon*, 532 U.S. at 604, quoting *Texas State Teachers Ass'n. v. Garland Ind. School Dist.*, 489 U.S. 782, 792, 109 S. Ct. 1486, 103 L. Ed. 2d 866 (1989). "Where a settlement agreement is embodied in a court order such that the obligation to comply with its terms is court-ordered, the court's approval and the attendant judicial oversight (in the form of continuing jurisdiction to enforce the agreement) may be . . . functionally a consent decree." *T.D.*, 349 F.3d at 478, quoting *Smyth v. Rivero*, 282 F.3d 268, 281 (4th Cir.2002).

In *Dechert v. Cadle Co.*, 441 F.3d 474, 475 (7th Cir. 2006), Judge Posner held that "to be a prevailing party and therefore entitled to an award of fees and costs, you either must obtain a judgment that provides you with formal relief, such as damages, an injunction, or a declaration that you can use if necessary to obtain an injunction or damages later, or must obtain a settlement that gives you similar relief." *Id.*, citing *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources*, 532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001); *King v. Illinois State Board of Elections*, 410 F.3d 404, 414 (7th Cir. 2005); *Palmetto Properties, Inc. v. County of DuPage*, 375 F.3d 542, 547 (7th Cir. 2004); *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 666-67 (7th Cir. 2001); *Nagle v. Experian Information Solutions, Inc.*, 297 F.3d 1305 (11th Cir. 2002).

In other words, parties are said to have prevailed "for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought

9

in bringing the suit." *King v. Ill. State Bd. of Elections*, 410 F.3d 404, 414 (7th Cir.2005), quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *Williams v. Viking Dodge, Inc*., No. 05 C 5281, 2006 U.S. Dist. LEXIS 27469, at *3-5 (N.D. Ill. Apr. 26, 2006). Accordingly, such settlement agreements deem the plaintiff the "prevailing party" and permit them to seek attorney's fees. *See Buckhannon*, 532 U.S. at 604; *see also Dechert v. Cadle Company*, 441 F.3d 474, 475 (7th Cir. 2006); *Williams v. Viking Dodge, Inc*., 05-cv-5281, 2006 WL 647715 at *1 (7th Cir.2006) (where a settlement of claims with statutory fee-shifting provisions gives similar relief as an injunction or damages, plaintiff is the prevailing party). Here both settlement agreements include a provision where Javitch and the Palisades Defendants agreed to pay fees.

> **C.     The Court Can and Should Assess Class Counsel's Award Using the "Lodestar" Method**

Pursuant to the Agreement with Javitch, it agreed to pay attorney's fees and costs not to exceed $40,000.00. Pursuant to the Agreement with the Palisades Defendants, they agreed to pay attorney's fees and costs not to exceed $200,000.00. Class Counsel will request approval from the Court of attorney's fees and costs in those amounts respectively from Javitch and the Palisades Defendants. As set forth in the Declaration of Daniel A. Edelman (Exhibit 1) and Declaration of Steven Hofer (Exhibit 2), Plaintiff's counsel includes experienced consumer protection and/or class action attorneys, all of whom contributed their skills and expended their resources in a coordinated effort that resulted in the settlements reached in this matter.

The actual lodestar and expenses incurred by Edelman, Combs Latturner & Goodwin, LLC, as of November 13, 2024 was $280,084.10. (See Appendix G to Exhibit 1, the Declaration of Daniel A. Edelman). The actual lodestar and expenses incurred by Hofer Hagan, LLC as of November 13, 2024 was $91,878.50. (See Exhibit A to Exhibit 2), the Declaration of Steven

10

Hofer). The amount that Class Counsel will petition from this Court in total, is a reduction of approximately 36% of the actual time and expense incurred as of the date of this filing. Furthermore, this amount does not include time spent preparing for, and appearing at, future hearings related to the Settlements or class member inquiries concerning the Settlements.

There is a "strong presumption" that the lodestar calculation represents a reasonable fee. *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). The lodestar calculation is intended to compensate attorneys sufficiently to allow "private parties to obtain legal help in seeking redress for injuries resulting from the actual or threatened violation of specific federal laws." *Del. Valley*, 478 U.S. at 566; *see also Perdue*, 559 U.S. at 552 (explaining purpose of fee-shifting in consumer protection statutes is to allow individuals to obtain representation so that their rights granted by Congress or the General Assembly may be vindicated). The lodestar method has become the "guiding light of our fee shifting jurisprudence." *Perdue*, 559 U.S. at 551. And since "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee,", its use guides "the discretion of trial judges, permits meaningful judicial review, and produces reasonably predictable results." *Del. Valley*, 478 U.S. at 566; *Perdue*, 559 U.S. at 552.

The Seventh Circuit has distinguished between "common fund" and "statutory fee-shifting" cases. The "key difference between these two fee recovery schemes" is "the source of the plaintiffs' attorneys' fees." *Skelton v. Gen. Motors Corp*., 860 F.2d 250, 253 (7th Cir.1988)

In FDCPA cases, where the plaintiff seeks payment of the attorney's fees from the defendant, courts generally use the lodestar method to award. *See, e.g., Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) (explaining that "statutory awards of attorneys' fees are subject to 'lodestar' calculation procedures"); *see also* 15 U.S.C. § 1692k(a)(3)

(providing for mandatory award of attorneys' fees and costs to prevailing party). In IDCSA matters, the lodestar method is also used. See *Ottaway v. Rev Rec. Grp., Inc.*, 16cv162, 2020 U.S. Dist. LEXIS 266797, at *5-6 (N.D. Ind. Oct. 16, 2020), adopting the methodology in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (multiplying number of hours reasonably spent on litigation by reasonable hourly rate).

### III. THE SETTLEMENT STRUCTURES AND ATTORNEY'S FEES COMPLY WITH SEVENTH CIRCUIT DECISIONS

The award of fees, as set forth in the separate Agreements here, comply with recent case law from the Seventh Circuit concerning class action awards, and are consistent with the principles set forth in *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014), *Redman v. RadioShack Corp.*, 768 F.3d 622 (7th Cir. 2014) and *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014).

The Seventh Circuit has articulated a "presumption" for assessing the fairness of the fee award: "attorneys' fees awarded to class counsel should not exceed a third or at most a half of the total amount of money going to class members and their counsel." *Pearson v. NBTY, Inc.*, 772 F.3d 778, 782 (7th Cir. 2014); *Redman v. RadioShack Corp.,* 768 F.3d 622, 630 (7th Cir.2014) (accord).

However, the Seventh Circuit's presumption cannot reasonably be applied to an FDCPA and IDCSA class case. "In statutory fee-shifting cases, the prevailing party, usually the plaintiff, recovers the attorneys' fee from the defendant, whereas in a common fund case, the court awards the plaintiffs' attorneys' fees from the fund." *Sutton v. Bernard*, 446 F.Supp.2d 814, 820–21 (N.D. Ill. 2006).

Further, unlike the Fair and Accurate Credit Transactions Act at issue in *RadioShack* and the various state consumer protection laws in *NBTY*, the FDCPA, as discussed above, limits a class's recovery to the lesser of 1% of a defendant's net worth or $500,000. 15 U.S.C.

12

§1692k(a)(B). Because of that cap, in an FDCPA case, a plaintiff's attorney's fees may often exceed the class's recovery if the net worth of the defendant is relatively modest or protracted litigation results in increased attorney's fees. Nothing in *NBTY* or *Radio Shack* remotely suggests that the Seventh Circuit intended its presumption to be applied in an FDCPA case, because the effect would not be the increased likelihood that the class would be treated fairly, but rather, the increased likelihood that it would be financially prohibitive to bring a suit against a debt collector.

Moreover, the Seventh Circuit recently indicated that the presumption is not irrebuttable. *In re Sears, Roebuck & Co. Front-Loading Washer Prod. Liab. Litig.*, No. 16-3554, 2017 WL 3470400, at *2 (7th Cir. Aug. 14, 2017) (approving attorney fees of $2.7 million where class was likely to receive no more than $900,000). Plaintiff's counsel submits that the principles set forth in *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014), *Redman v. RadioShack Corp.*, 768 F.3d 622, (7th Cir. 2014) and *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014) are not applicable to the terms of the proposed Settlement Agreement with Javitch. The award to the class is distinct and separate from the attorneys' fees in this case. The FDCPA is a fee shifting statute and the fees being awarded to the class would not come from a class fund but rather by payment directly from Defendants, pursuant to the fee shifting provision of the FDCPA as set out in Section 1692k(a)(3). Thus, Plaintiff's counsel submits that the size of the attorney's fees award does not affect the award to the class, unlike cases such as *Pearson*, *Redman* and *Eubank,* where payment of the attorney's fees affected the total payment to the class. In this case, even if the class were to proceed to trial it would not receive more than 1% of the debt collector's net worth. The parties further submit that the class notice gives fair notice to the class, the terms of the settlement, and the ways in which class members can participate (or not) in the settlement, thus satisfying the requirements of Fed.R.Civ.P.23, and of due process.

A line of cases in fee-shifting consumer protection litigation reject a requirement of proportionality between monetary consumer recoveries and attorney's fees. See 28 U.S.C. § 1712(b); *see also Phenow v. Johnson, Rodenberg & Lauinger, PLLP*, 766 F. Supp. 2d 955, 959 (D. Minn. 2011); *Anchondo v. Anderson, Crenshaw & Associates, L.L.C.*, 616 F.3d 1098, 1103 (10th Cir. 2010) (affirming award of $63,333.52 in fees and costs to class counsel in Fair Debt Collection Practices Act (FDCPA) fee-shifting class action where total class recovery was $6,0605); *Albright v. Bi-State Dev. Agency of Missouri-Illinois Metro. Dist.*, 4:11CV01691 AGF, 2013 WL 4855304, at *2, *9 (E.D. Mo. Sept. 11, 2013) (awarding $176,571.50 in fees to class counsel in FACTA fee-shifting case where total class recovery was $742.50); *Durham v. Cont'l Cent. Credit,* 07CV1763 BTM WMC, 2011 WL 6783193, at *4 (S.D. Cal. Dec. 27, 2011) (awarding $57,512.25 in fees to class counsel in FDCPA fee-shifting class action where total class recovery was $17,750.00).

Plaintiff's settlement with the Palisades Defendants is an injunctive release settlement and class members are receiving relief wherein the Palisades Defendants cease collection on any Great Seneca account on which any Class Member is an obligor.  Class Members do not give a release and retain rights. Indeed, even the Javitch agreement includes release language that specifically excludes the Palisades Defendants and states, "The Released Claims will not prevent Plaintiff or any Class Member from asserting any defenses he or she has to the alleged Great Seneca Company judgments."   The relief provided to the class is a substantial benefit and stops the practice Plaintiff complained about: The Palisades Defendants practice of engaging in collection activities to enforce judgments that were entered in lawsuits wherein the judgments had not be assigned to the entities in whose names collection activities were commenced.  This relief is meaningful and unlike the relief in *In re Subway Footlong Sandwich Mktg. & Sales Practices Litig.*, 869 F.3d 551,

554-557 (7th Cir. 2017). In *Subway,* the Seventh Circuit held that the settlement relief was worthless because settlement agreement provided that Defendants could not guarantee compliance with injunctive relief provisions set forth in the settlement agreement, which provided "no meaningful relief for the class….*After* the settlement – despite the new measuring tools, protocols, and inspections – there's *still* the same small chance that Subway will sell a class member a sandwich that is slightly shorter than advertised." (emphasis in original).  The class members in Subway were in the same position before the settlement as after the settlement, which is not the case here.

Finally, in the settlement with Javitch, class notice and administration expenses will be paid by Javitch, separate from the Class Recovery and will not reduce the Class Recovery or the amounts which participating class members will ultimately receive in compliance with Seventh Circuit precedent. *Redman v. RadioShack Corp*., 768 F.3d 622, 630 (7th Cir. 2014) and *Pearson v. NBTY, Inc.*, 772 F.3d 778, 784 (7th Cir. 214).  The settlement agreement with the Palisades Defendants provides for them to pay for CAFA notice in addition to any court approved awards of attorney's fees and costs and incentive award and damages to Plaintiff.

## IV.    CONCLUSION

Plaintiff presently seeks preliminary approval of this fee amount and will move for an award of the fees under Rules 23(h) and 54(d)(2) in connection with an eventual request for final approval of the Settlement, which will include additional details regarding Plaintiffs' hours expended to date and hourly rates.

                                              Respectfully submitted,

                                              /s/ Heather Kolbus
                                              Heather Kolbus

Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1800
Chicago, IL   60603
(312) 739-4200

## CERTIFICATE OF SERVICE

I, Heather Kolbus, certify that on November 23, I caused a true and accurate copy of the foregoing document to be filed via the Court's CM/ECF system which caused notice to be sent via email to all counsel of record.

/s/ Heather Kolbus
Heather Kolbus

Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1800
Chicago, IL   60603
(312) 739-4200