UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAWN ZACHERY on behalf of plaintiff and the class members described herein, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:22-cv-02261-JRS-MKK ) |
| JAVITCH BLOCK LLC, PALISADES ACQUISITION XVI, LLC, PALISADES COLLECTION, L.L.C., | ) ) ) ) |
| Defendants. | ) ) |

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**

Upon consideration and review of: (1) Plaintiff's Unopposed Motion and Memorandum in Support of Preliminary Approval of Class Settlement with the Palisades Defendants,[1] (ECF No. 145), as amended upon oral motion granted by the Magistrate Judge on March, 17, 2025; (2) the Class Action Settlement Agreement, (ECF No. 145-1), by Plaintiff Dawn Zachary, individually and on behalf of others similarly situated (the "Settlement Class," as defined below), and Defendants, Palisades Acquisition XVI, LLC and Palisades Collection, LLC ("Defendants"); (3) Plaintiff's Preliminary Notice of Attorney's Fees in Support of Motion for Preliminary Approval of Class Settlement, (ECF No. 149); the Court, being duly advised, now finds that the proposed Class Action Settlement Agreement should be preliminarily approved pending a final hearing on whether the Class Action Settlement Agreement

---

[1] Per the District's Local Rule 7-1, a motion "must be filed separately" from a supporting memorandum or brief. The Court will not require refiling but, it will expect the Parties to comply with all local rules in the future.

is fair, reasonable, and adequate. Further, the Court, upon due consideration, now finds that the proposed individual relief to Plaintiff shall be approved pending Final Approval of the Class Action Settlement Agreement and occurrence of the Effective Date (as defined in the Class Action Settlement Agreement).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Court preliminarily approves the Class Action Settlement Agreement as fair, reasonable, and adequate to the Settlement Class under the circumstances of this case. Such preliminary approval is without prejudice to the Court's final decision on the parties' motion to approve the Class Action Settlement Agreement after notice and hearing.

2. Further, the Court approves the individual relief afforded to Plaintiff, as outlined in paragraph 12 of the Class Action Agreement, which shall become binding on Plaintiff and Defendant subject to Final Approval of the Class Action Settlement Agreement and subsequent occurrence of the Effective Date.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court finds that the proposed settlement class as defined is ascertainable, satisfies the 23(a) elements of numerosity, commonality, typicality, and adequacy of representation, and that under 23(b)(2) injunctive relief is appropriate. For the sole purpose of administering the proposed settlement reflected in the Class Action Settlement Agreement, the Court certifies the Settlement Class, which is defined as follows:

> (a) all natural persons (b) against whom one of the Great Seneca Companies obtained a judgment in Indiana State court and the judgment is docketed in Indiana State court only; (c) who were

> subjected, directly or indirectly, to Collection Activities on such judgment, by or on behalf of the Palisades Defendants; (d) on or after October 20, 2020.
>
> The Great Seneca Company/ Companies are defined to include: (i) Centurion Capital Corp., (ii) Great Seneca Financial Corp., (iii) Hawker Financial Corp. (iv) Monarch Capital Corporation, (v) Colonial Credit Corporation, (vi) Platinum Financial Services Corp., (vii) Sage Financial, Ltd., (viii) and any and all other creditors on accounts allegedly owned or acquired by Palisades Acquisition XVI, LLC in Indiana.
>
> Collection Activities means the following in any stage, whether pre-collection or post-judgment, in court or in arbitration (i) a written validation notice (required by 15 U.S.C. 1692g) mailed to the consumer, or (ii) the consumer was called regarding the debt by or on behalf of the Palisades Defendants; or (iii) the filing and or service of an appearance of counsel, interrogatories, motion for proceedings supplemental, a garnishment, or motion to substitute.

Because the settlement class is certified under Rule 23(b)(2) and the Class Settlement Agreement grants injunctive relief, notice to class members is not required. Defendants have filed notice pursuant to the Class Action Fairness Act of 2005, codified at 28 U.S.C. § 1715. (Ex. A, ECF No. 148-1).

The Court further appoints, again for the sole purpose of administering the proposed settlement reflected in the Class Action Settlement Agreement, Dawn Zachary as class representative and Edelman, Combs, Latturner & Goodwin, LLC and Hoger Hagan, LLP, as Class Counsel.

4. Pursuant to Federal Rule of Civil Procedure 23(e)(2), a final fairness hearing ("Final Approval Hearing") shall be held for the purpose of considering the fairness, reasonableness, and adequacy of the Class Action Settlement Agreement, and whether the proposed relief should be finally approved, including

the dismissal of all claims in this action against all Defendants with prejudice and without costs, and for the purpose of considering Class Counsel's application for an award of attorneys' fees, costs, and expenses. As is proper under 28 U.S.C. §63(b), this matter is referred to Magistrate Judge M. Kendra Klump to conduct a final fairness hearing and file her proposed findings and recommendations for consideration by the Court. The date and time of the fairness hearing will issue by separate order as determined by Magistrate Judge Klump.

5. Settlement Class members shall be afforded an opportunity to object to the terms of the Class Action Settlement Agreement. Any objection must: (i) be made in writing; (ii) contain the full name and current address of the person making the objection; (iii) contain the title of the lawsuit, "*Zachery v. Javitch Block, LLC, Palisades Acquisition XVI, LLC and Palisades Collection, LLC,* Case No. 1:22-cv-2261-JRS-MKK"; (iv) state the reasons for the objection; (v) be accompanied by any evidence, briefs, motions, or other materials the objector intends to offer in support of the objection; (vi) be signed by the objector; and (vii) be sent by U.S. Mail, first class and postage prepaid, with a postmark no later than sixty (60) days after the date of this Order, to the Court, Class Counsel, and Defendant's Counsel. Any member of the Settlement Class who does not timely object in the manner provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Class Action Settlement Agreement, including, without limitation, any award of attorneys' fees and costs to Class Counsel.

6. Any request for intervention in this action for purposes of commenting on or objecting to the Class Action Settlement Agreement must meet the requirements set forth above for filing objections, must be accompanied by any evidence, briefs, motion or other material the proposed intervenor intends to offer in support of the request for intervention, and must meet the requirements of the Federal Rules of Civil Procedure.

7. Any lawyer intending to appear at the Final Approval Hearing must be authorized to represent a Settlement Class member, must be duly admitted to practice law in the State of Indiana, and must file a written appearance no later than seventy-five (75) days after the date of this Order. Copies of the appearance must be served on Class Counsel and counsel for Defendant in accordance with the Federal Rules of Civil Procedure.

8. No fewer than five (5) days prior to the Final Approval Hearing, any party may file a response to any objection or motion to intervene filed by a Settlement Class member.

9. If Final Approval of the Class Action Settlement Agreement is not achieved, or if the Class Action Settlement Agreement is terminated for any reason whatsoever, all proceedings in connection therewith shall be without prejudice to the status quo ante rights of the parties in this action, and all Orders issued pursuant to the Class Action Settlement Agreement shall be vacated.

10. The Court may adjourn the date and/or time of the Final Approval Hearing without further notice to the members of the Settlement Class and retains

jurisdiction to consider all further applications arising out of or connected with the proposed Class Action Settlement Agreement.

**SO ORDERED.**

Date: 3/18/2025

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Magistrate Judge M. Kendra Klump

Scott E. Brady
Quilling Selander Lownds Winslett Moser
sbrady@qslwm.com

Daniel A. Edelman
Edelman, Combs, Latturner & Goodwin, LLC
courtecl@edcombs.com

Keith R. Hagan
HOFFER HAGAN LLP
keith@hlocl.com

Steven R. Hofer
HOFER HAGAN LLP
hoferlawindy@gmail.com

Jennifer Jay Kalas
HINSHAW & CULBERTSON
jkalas@hinshawlaw.com

Heather A. Kolbus
Edelman, Combs, Latturner & Goodwin, LLC
hkolbus@edcombs.com

John Karl Rossman
Rossman Attorney Group, PLLC
johnkrossman@rossmanattorneygroup.com

David M. Schultz
HINSHAW & CULBERTSON
dschultz@hinshawlaw.com